**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Nicholas E. PATRICK, Appellee.**

Superior Court of Pennsylvania.

Argued March 21, 2007.

Filed Sept. 24, 2007.

Christopher J. Jones, Asst. Dist. Atty., Stroudsburg, for Com., appellant.

Michael A. Ventrella, Tannersville, for appellee.

BEFORE: FORD ELLIOTT, P.J., ORIE MELVIN, LALLY–GREEN, TODD, KLEIN, BENDER, BOWES, GANTMAN, and PANELLA, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, the Commonwealth of Pennsylvania, asks us to determine whether the Monroe County Court of Common Pleas erred when it dismissed the charge of aggravated assault[1] against Appellee, Nicholas E. Patrick, following his preliminary hearing. We hold the trial court improperly dismissed the charge of aggravated assault, because the Commonwealth made out a *prima facie* case of the offense at the preliminary hearing. Accordingly, we reverse the court's order dismissing the charge and remand for further proceedings.

¶ 2 The relevant facts and procedural history of this appeal are as follows. Very early in the morning on April 2, 2005, off-duty state trooper Mark Shutkufski ("the victim"), and a friend, David Lund, were standing in line to enter the Front Row bar on Main Street in Stroudsburg. (N.T. Preliminary Hearing, 4/11/05, at 7; 29, 32). As the two men were waiting to be carded, the victim exchanged words with Appellee, who was also waiting in line with his brother, Ryan Patrick.[2] *(Id.* at 33). Before entering the bar, Mr. Lund realized he needed some cash, and both he and the victim left to find an ATM machine. As the pair walked down Main Street, the victim explained to his friend that he did not wish to return to the Front Row bar because the victim was uncomfortable after having words with Appellee. Mr. Lund had not witnessed this exchange but agreed to go somewhere else.

¶ 3 The pair walked on the sidewalk toward an Irish Pub on Main Street, the victim with his hands in his pockets and Mr. Lund walking a step or two in front. Without warning, Appellee approached the victim from the side and punched the victim on the side of his head in the temple. *(Id.* at 10). The force of Appellee's blow knocked the victim entirely off of his feet. *(Id.* at 10, 25). Appellee's punch came out of the blue; the victim did not have time to take his hands out of his pockets to defend himself or brace his fall. As a result, the victim hit the sidewalk head first with nothing to cushion his fall. *(Id.)* Both Mr. Lund and a disinterested witness, who had been sitting at a window in a bar on Main Street, were later able to describe the assault. The witness explained even though it was dark outside, the sidewalk was well lit and he clearly saw Appellee punch the victim in the side of the victim's face. *(Id.* at 26). The witness could also observe the victim was not moving after the assault, so the witness ran out to assist.[3] After delivering this unexpected blow to the victim's temple, Appellee ran away.

---

1. 18 Pa.C.S.A. § 2702(a)(1).

2. Appellee was celebrating his graduation from the Allentown Business School where he had studied criminal justice hoping to become a police officer and had worked as an observer in the District Attorney's office.

3. Appellee does not dispute the victim suffered serious bodily injury. (Appellee's Brief at 2). The victim had to be life-flighted to St. Luke's Hospital in Allentown where he spent approximately two days in a coma as a result of severe trauma to the brain. Thereafter, the victim spent several weeks in therapy. The victim "has not worked since the incident, as' he cannot use his right arm or leg well." (Commonwealth's Brief at 6).

¶ 4 An officer arriving on the scene shortly thereafter observed paramedics working on the unconscious victim, who was still lying on the ground with his hands in his pockets, bleeding profusely from his head. *(Id.* at 41–42). The officer located Appellee with the help of Mr. Lund and placed him under arrest. Following the preliminary hearing on April 11, 2005, the magistrate judge determined the Commonwealth had established a *prima facie* case and held Appellee on the charges of aggravated assault,[4] simple assault and public drunkenness. On June 13, 2005, Appellee filed a motion for *habeas corpus* relief, seeking dismissal of the aggravated assault charge. After reviewing the preliminary hearing transcript, the trial court granted Appellee's *habeas corpus* motion on July 14, 2005. The court reasoned Appellee's single punch did not qualify as an aggravated assault, citing *Commonwealth v. Roche,* 783 A.2d 766 (Pa.Super.2001), *appeal denied,* 568 Pa. 736, 798 A.2d 1289 (2002) (holding that one punch thrown by defendant did not establish degree of recklessness necessary for aggravated assault conviction).

¶ 5 The Commonwealth filed a timely notice of appeal on August 3, 2005. On July 27, 2006, a panel of this Court affirmed. On August 7, 2006, the Commonwealth requested *en banc* reargument, which this Court granted on October 3, 2006.

¶ 6 The Commonwealth raises the following issue for our review:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE CHARGE OF AGGRAVATED ASSAULT, WHEN THE COMMONWEALTH CAN PROVE THAT APPELLEE HAD THE REQUISITE *MENS REA* FOR THE OFFENSE OF AGGRAVATED ASSAULT, IN THAT IT CAN BE PROVEN THAT APPELLEE ACTED RECKLESSLY UNDER CIRCUMSTANCES MANIFESTING EXTREME INDIFFERENCE TO THE VALUE OF HUMAN LIFE?

(Commonwealth's Brief at 4).

¶ 7 The relevant scope and standard of review for a grant of a *habeas corpus* petition is as follows:

> Our scope of review is limited to deciding whether a *prima facie* case was established.... The Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury.
> When deciding whether a *prima facie* case was established, we must view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which could support a guilty verdict. The standard ... does not require that the Commonwealth prove the [defendant's] guilt beyond a reasonable doubt at this stage.

*Commonwealth v. James,* 863 A.2d 1179, 1182 (Pa.Super.2004) (*en banc* ) (internal citations omitted). *See also Commonwealth v. Marti,* 779 A.2d 1177, 1180 (Pa.Super.2001) (stating *prima facie* standard requires evidence of each and every element of crime charged, and weight and creditability of evidence are not factors at this stage of proceedings).

¶ 8 The Commonwealth asserts it need not prove a specific intent for the crime of

---

**4.** The magistrate judge determined the issue of whether Appellee intended to inflict serious bodily injury under 18 Pa.C.S.A. § 2701(a)(1) was a question properly left for a jury. (N.T. at 51–52).

aggravated assault where a victim suffers serious bodily injury. The Commonwealth contends it need only prove the defendant acted recklessly under circumstances, manifesting an extreme indifference to the value of human life. The Commonwealth insists Appellee displayed such recklessness in the instant case, because he "sucker" punched a defenseless victim on the side of the face. The Commonwealth acknowledges this Court's decision in *Roche*, *supra*, but it distinguishes *Roche*, because that case did not involve a "sucker" punch, and there was no evidence that the victim in *Roche* was defenseless or unready for the assault. The Commonwealth concludes the trial court erred by granting Appellee's *habeas corpus* petition, and this Court must reverse the court's order and remand the matter for further proceedings.

¶ 9 In response, Appellee defines aggravated assault as "the functional equivalent of a murder in which, for some reason, death fails to occur." (Appellee's Brief at 3) (quoting *Commonwealth v. O'Hanlon*, 539 Pa. 478, 483, 653 A.2d 616, 618 (1995)). Under this definition, Appellee contends the act of throwing one punch is insufficient to prove aggravated assault. Additionally, Appellee asserts the Commonwealth must demonstrate the accused acted with the specific intent to inflict serious bodily injury. Appellee claims he did not intend to inflict serious bodily injury on the victim, because he threw only one punch and fled immediately thereafter. Appellee concludes the court properly dismissed the charge of aggravated assault against him. We disagree.

¶ 10 The statute defining aggravated assault provides in pertinent part as follows:

### § 2702. Aggravated assault

(a) **Offense defined.**—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

18 Pa.C.S.A. § 2702(a)(1). Where the victim suffers serious bodily injury, the Commonwealth is not required to prove specific intent. *Commonwealth v. Nichols*, 692 A.2d 181, 185 (Pa.Super.1997) (citing *Commonwealth v. Hlatky*, 426 Pa.Super. 66, 626 A.2d 575 (1993), *appeal denied*, 537 Pa. 663, 644 A.2d 1200 (1994)).

The Commonwealth need only prove [the defendant] acted recklessly under circumstances manifesting an extreme indifference to the value of human life. *Hlatky, [supra]* at 581. For the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that **injury** or death will ensue. *[O'Hanlon, supra* at 482, 653 A.2d at 618].

*Nichols, supra* (emphasis added).

¶ 11 In *Roche, supra*, the defendant, without provocation, delivered a closed fist blow to the victim's left eye. As a result of the punch, the victim fell to the ground unconscious. The victim's head struck the concrete, lacerating his scalp. Subsequently, **the defendant proceeded to a bench trial** where the court found him guilty of aggravated assault, simple assault, and recklessly endangering another person.

¶ 12 On appeal, Appellant argued the evidence was insufficient to sustain his aggravated assault conviction, because his "single weaponless punch to the victim's head did not demonstrate the requisite intent on his part to cause the victim serious bodily injury nor did the single punch evidence a heightened degree of reckless-

ness on his part." *Id.* at 768. This Court, relying on *Commonwealth v. Alexander,* 477 Pa. 190, 194, 383 A.2d 887, 889 (1978),[5] determined the Commonwealth had not proved the defendant possessed the specific intent to inflict serious bodily injury:

> [The defendant] merely delivered one punch to the victim's face with his hand and walked away. While [the defendant's] actions certainly demonstrated the sufficient requisite intent to sustain his conviction for simple assault, in that they showed that he acted with the intent to cause [the defendant] bodily injury, they were not so egregious or sustained to suggest that he legally possessed the specific intent to inflict **serious** bodily harm when he punched Appellant once.

*Roche, supra* at 771 (internal footnote omitted) (emphasis in original).

¶ 13 Instantly, two witnesses testified at Appellee's preliminary hearing. The witnesses saw Appellee approach the victim from the side while the victim walked along the street with his hands in his pockets. The victim did not see Appellee approach. Without warning, Appellee punched the victim in the side of his head with enough force to knock the victim off of his feet. Appellee delivered the punch with a certain purpose, and there can be no dispute about the "physiological significance" of the victim's head. *See Alexander, supra.*

¶ 14 The victim hit the sidewalk head first, resulting in serious injuries. Specifically, the victim spent approximately two days in a coma due to severe brain trauma.

Thereafter, the victim spent several weeks in therapy. Based upon the preliminary hearing testimony, as well as the relevant case law and applicable standard of review, the facts adduced at the hearing established a *prima facie* case of aggravated assault. *See James, supra; Marti, supra; Nichols, supra;* 18 Pa.C.S.A. § 2702(a)(1).

¶ 15 Moreover, the instant case is distinguishable from *Roche,* where the defendant challenged the sufficiency of the evidence following his **bench trial** conviction for aggravated assault. Here, the court dismissed the case against Appellee following review of the **preliminary hearing** transcript. We reiterate, the Commonwealth's burden at this stage of the prosecution was to demonstrate evidence of each element of aggravated assault. *See Marti, supra.* The Commonwealth did not have to prove the offense of aggravated assault beyond a reasonable doubt. *See James, supra.*

¶ 16 The Commonwealth's evidence at the preliminary hearing demonstrated Appellee inflicted an assault on the victim with reckless indifference under circumstances which virtually assured serious bodily injury. The surprise attack knocked the defenseless and unsuspecting victim off of his feet without reflexive protection, causing the victim to strike his head on the concrete. The victim sustained serious bodily injury as a direct result of Appellee's punch to the victim's temple. This evidence was enough to establish a *prima facie* case for the offense of aggravated assault.[6]

---

**5.** In *Alexander,* the defendant walked up to the victim on a street corner and punched the victim once in face, breaking his nose. Our Supreme Court held: "While there can be no dispute about the physiological significance of the head, where the victim did not actually sustain the requisite serious bodily injury, we cannot say that the mere fact that a punch

was delivered to that portion of the body is sufficient, without more, to support a finding that appellant intended to inflict serious bodily injury." *Id.* at 194, 383 A.2d at 889.

**6.** We note the cases relied on in the trial court opinion involve challenges to the sufficiency of evidence, following a jury verdict. *See*

¶ 17 Based upon the foregoing, we hold the trial court improperly dismissed the charge of aggravated assault, because the Commonwealth made out a *prima facie* case of the offense at the preliminary hearing. Accordingly, we reverse the court's order dismissing the charge and remand for further proceedings.

¶ 18 Order reversed; case remanded. Jurisdiction is relinquished.

¶ 19 *JUDGE TODD FILES A DISSENTING OPINION IN WHICH PRESIDENT JUDGE FORD ELLIOTT AND JUDGE BENDER JOIN.

### DISSENTING OPINION BY TODD, J.:

¶ 1 Because I disagree with my esteemed colleague's conclusion that the trial court improperly dismissed the charge of aggravated assault, I respectfully dissent from the Majority Opinion.

¶ 2 The facts of the instant case are not in dispute, and the sole issue before this *en banc* Court is whether the trial court abused its discretion in dismissing the charge of aggravated assault against Patrick. Section 2702(a)(1) of the Crimes Code provides that a person is guilty of aggravated assault if he: "(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

Trial Court Opinion, entered July 14, 2005, at 3–5 (citing *Commonwealth v. Robinson,* 817

¶ 3 Our Supreme Court, in *Commonwealth v. O'Hanlon,* 539 Pa. 478, 653 A.2d 616 (1995), clarified the kind of criminal conduct which must be exhibited by a defendant to constitute recklessness under Section 2702(a)(1):

[F]or the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue. *The recklessness must, therefore, be such that life threatening injury is essentially certain to occur.* This state of mind is, accordingly, equivalent to that which seeks to cause injury. Examples of such behavior make the distinction clear. In *Commonwealth v. Daniels,* 467 Pa. 35, 354 A.2d 538 (1976), appellant had fired a gun into a crowd; in *Commonwealth v. Laing,* 310 Pa.Super. 105, 456 A.2d 204 (1983), appellant drove his car into a crowd, after having aimed it at an individual; in *[Commonwealth v.] Scofield,* [360 Pa.Super. 552, 521 A.2d 40 (1987),] the appellant drove at a pedestrian. See also, *Commonwealth v. Hlatky,* 426 Pa.Super. 66, 626 A.2d 575 (1993); *Commonwealth v. Rohach,* 344 Pa.Super. 229, 496 A.2d 768 (1985). In each of these instances, the defendant could reasonably anticipate that serious bodily injury or death would be the likely and logical consequence of his actions. In each case, the consequence was ignored.

\* \* \*

*Aggravated assault is, indeed, the functional equivalent of a murder in which, for some reason, death fails to occur.*

A.2d 1153 (Pa.Super.2003); *Roche, supra).*

*O'Hanlon*, 539 Pa. at 482–83, 653 A.2d at 618 (emphasis added).[7]

¶ 4 While the Majority appears to base its conclusion that the Commonwealth established a *prima facie* case of aggravated assault on the fact that Appellee punched the victim in the side of his head without warning, and the victim sustained serious injuries *(see* Majority Opinion at 1047), I do not believe that Patrick exhibited the degree of recklessness required by *O'Hanlon.* Specifically, I cannot conclude that Patrick is "a failed murderer," and unless or until our Supreme Court modifies its holding in *O'Hanlon*, which sets an admittedly high bar for establishing the requisite level of recklessness, we are bound thereby.

¶ 5 Indeed, following our Supreme Court's decision in *O'Hanlon*, this Court, in *Commonwealth v. Roche*, 783 A.2d 766 (Pa.Super.2001), held that a single, closed-fisted punch to a victim's eye, resulting in a serious injury, was insufficient to support a conviction for aggravated assault where "the attendant facts and circumstances do not suggest that Appellant delivered that lone blow with the specific intent of inflicting serious bodily injury upon the victim." *Id.* at 770. We further explained that "[s]imply showing that the victim sustained a serious bodily injury is not enough to sustain a conviction for aggravated assault. The aggravated assault statute is not a strict liability statute.... [T]he Commonwealth must also prove that the Appellant acted with the requisite *mens rea* or criminal state of mind." *Id.* Relying on our

Supreme Court's explanation in *O'Hanlon*, we concluded:

> Appellant's act of throwing one punch after using belligerent words was clearly insufficient to establish that he acted with such a heightened degree of recklessness that he was virtually assured that death or serious [bodily] injury would occur from his act. Appellant was not, nor could he be, virtually or even reasonably certain that death or serious injury would be the likely and logical result of his lone punch. This was not the functional equivalent of a murder in which for whatever reason death failed to occur.

*Id.* at 772 (footnote omitted).

¶ 6 I conclude that the trial court in the instant case properly followed *Roche* in dismissing the charge of aggravated assault against Patrick, as the key facts of *Roche* are indistinguishable from those of the instant case. In *Roche*, the appellant and the victim had a verbal argument in a bar, after which the victim and his companion left the bar. After walking approximately 300 feet down an alleyway, the victim's companion turned around and saw the appellant and another male exit the bar and begin to follow them. The appellant caught up to the victim and his companion, and asked the victim "Are you a tough guy?" When the victim turned around to face the appellant, the appellant delivered a closed-fist blow to the victim's left eye, and the victim fell to the ground unconscious, sustaining a head laceration, orbital blowout, and sinus fractures.

---

7. Prior to its decision in *O'Hanlon*, our Supreme Court, in *Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978), held that an appellant's single blow to a victim's nose, resulting in a broken nose, was, without more, insufficient to support a finding that the appellant intended to inflict serious bodily injury. The Court recognized that the head is a vital part of the human body, but concluded that where in the absence of other direct or circumstantial evidence to support a finding that the single blow to the face was accompanied by an intent to inflict serious bodily injury, a finding that there was sufficient evidence to support an aggravated assault charge would "allow an admitted simple assault to be bootstrapped up to an aggravated assault." *Id.* at 194, 383 A.2d at 889.

Thus, *Roche,* like the case *sub judice,* involved a punch to the victim's head without warning.

¶ 7 To the extent the Majority distinguishes *Roche* on the basis that, in *Roche,* the appellant challenged the sufficiency of the evidence following his conviction for aggravated assault at a bench trial, whereas in the instant case, the trial court dismissed the charge following a review of the preliminary transcript, I do not believe that such distinction is relevant. While the Majority is correct that the Commonwealth is not required to prove the offense beyond a reasonable doubt at the *habeas corpus* stage of a proceeding, the Commonwealth must produce sufficient evidence "such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury." *Commonwealth v. James,* 863 A.2d 1179, 1182 (Pa.Super.2004) (citation omitted). As I believe the Commonwealth failed to present evidence of the required level of recklessness to establish intent, the stage of proceedings of the instant case is not determinative.

¶ 8 For the reasons set forth above, I would hold that the trial court properly dismissed the charge of aggravated assault against Patrick, and would affirm the trial court's order.