**Commonwealth v. Lopez**

*C. Edward Browne, assistant district attorney,* for Commonwealth.

*Roarke T. Aston,* for defendant.

LUDGATE, *J.,* December 15, 2009—

## I. PROCEDURAL HISTORY

On September 29, 2009, following a non-jury trial, Francisco Lopez, defendant, was found guilty of aggravated assault, 18 Pa.C.S. §2702(a)(1), accidents involving death or personal injury while not properly licensed, 75 Pa.C.S. §3742.1(a), accidents involving death or personal injury, 75 Pa.C.S. §3742(a), simple assault, 18 Pa.C.S. §2701(a)(1), recklessly endangering another person, 18 Pa.C.S. §2705 and a summary traffic offense. The same day, the defendant was sentenced to a total of 60 months to 22 years incarceration in a state facility. The defendant was represented by Attorney William C. Bispels at trial and sentencing. Attorney Bispels filed post-sentence motions on October 9, 2009 which were denied October 14, 2009.

On November 4, 2009, Attorney Bispels was granted withdrawal as counsel and the appearance of the Berks County Public Defender's office was entered. On November 10, 2009, Attorney Roarke T. Aston filed a notice of appeal to the Superior Court. On November 17, 2009, this court ordered defense counsel to file a concise statement of errors complained of on appeal within 21 days.

On December 4, 2009, counsel timely filed the concise statement.

This opinion is written pursuant to Pa.R.A.P. 1925(a) and for the following reasons, the court respectfully requests the instant appeal be denied.

## II. FACTUAL HISTORY

At the bench trial, the court heard the testimony of Michael Pappas. On September 25, 2008, at approximately 2 p.m., Pappas was in the intersection of Oley and Moss streets, doing pavement work for the City of Reading Streets Department. (N.T., bench trial, 9/29/2009, pp. 14-15.) At that time, Pappas observed a Jeep Cherokee drive "right through the job that we had just finished, not speeding, just cruising right through where I had everything all coned off and just proceeded to keep going." (N.T. p. 15.) Pappas yelled to the driver of the Jeep Cherokee but the driver kept going. *Id.* The intersection was closed to traffic; cones were placed to indicate the closure. (N.T. p. 16.) The Jeep Cherokee was traveling on Moss Street, which is a one-way street. (N.T. p. 17.) After the Jeep drove by, Pappas heard a woman screaming; Pappas looked down Moss Street and saw a woman in the middle of the street, who was yelling and bleeding from her mouth. (N.T. pp. 17-18.) Pappas saw tire marks on the woman's face and lower part of her body. (N.T. p. 18.) Pappas provided police with the license plate number of the Jeep. (N.T. p. 19.) Pappas could not tell who was driving the Jeep and had never met the woman lying in the street. (N.T. p. 20.) The driver of the Jeep was not speeding but "drove right through the stop sign there without stopping." *Id.*

The court next heard from Adela Dominguez-Gonzalez.[1] Dominguez-Gonzalez met the defendant at work and had known him for two and a half years; the defendant was her boyfriend. (N.T. pp. 23, 27.) Dominguez-Gonzalez identified the defendant. *Id.* On September 25, 2008, Dominguez-Gonzalez got out of work at 1:30 p.m. then went to the home of a friend on Moss Street in Reading. (N.T. p. 24.) The defendant was outside of his truck when Dominguez-Gonzalez arrived; the defendant got into his truck and sat in the driver's seat. (N.T. p. 25.) The defendant had said he was going to Mexico; Dominguez-Gonzalez asked him why he was going to Mexico. *Id.* Dominguez-Gonzalez held on to the "handle bar" of the truck; the defendant refused to get out of the truck and did not say anything. *Id.* The defendant started putting the windows up and down by pressing buttons, including the window next to where Dominguez-Gonzalez was standing. (N.T. p. 26.) Eventually, the door opened; the defendant "pulled away very fast." (N.T. pp. 26, 28.) Dominguez-Gonzalez held onto the door, yelled at the defendant to stop and fell facedown underneath the Jeep. (N.T. pp. 27-28.) Dominguez-Gonzalez was then run over by the Jeep. (N.T. p. 26.)

Counsel stipulated to Dominguez-Gonalez's injuries and treatment:

"On September 25, 2008, Adela Dominguez-Gonzalez was taken to St. Joseph's Hospital and then air-lifted to Reading Hospital for injuries sustained earlier that day in the city of Reading. At Reading Hospital, she was admitted and treated for serious injuries to her perito-

---

1. Ms. Dominguez-Gonzalez testimony was translated from Spanish into English by an official court-interpreter.

neum, lungs, liver, adrenal gland, internal carotid artery, external jugular vein, and other multiple intra-abdominal organs. She was also treated for a fractured vertebra, fractured jaw, closed fracture to eight ribs, broken bone in her foot, and a broken tooth. She required a blood transfusion or one unit of blood and her jaw was surgically wired shut on October 9, 2008. She was discharged from Reading Hospital on October 11, 2008." N.T. p. 76.

## III. ISSUES RAISED BY THE DEFENDANT

The defendant raises the following issues in his 1925(b) statement:

"(1) The trial court erred in finding that there was sufficient evidence presented at trial to prove beyond a reasonable doubt that defendant committed aggravated assault,[2] recklessly endangering another person[3] and simple assault[4] in that the victim's injuries were a result of her own acts and the Commonwealth failed to prove that the defendant had the requisite mens rea to be convicted of these crimes.

"(2) The trial court abused its discretion in not granting defendant a new trial with regard to the charges of aggravated assault,[5] recklessly endangering another person[6] and simple assault[7] as the verdict was against the

---

2. 18 Pa.C.S. §2702.
3. 18 Pa.C.S. §2705.
4. 18 Pa.C.S. §2701.
5. 18 Pa.C.S. §2702.
6. 18 Pa.C.S. §2705.
7. 18 Pa.C.S. §2701.

weight of the evidence in that the victim's testimony was not credible and biased.

"(3) The trial court abused its discretion in fashioning a total sentence of five to 22 years in a state correctional facility as the factors enumerated in the Sentencing Code do not militate in favor of the sentence imposed in this case."

## IV. ANALYSIS

### 1) *Sufficiency of the Evidence*

When determining sufficiency of the evidence claims, the court must determine whether the evidence and all reasonable inferences therefrom, drawn in the light most favorable to the verdict winner, was sufficient to enable the fact-finder to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Sullivan,* 864 A.2d 1246, 1249 (Pa. Super. 2004). The Commonwealth's burden may be established through wholly circumstantial evidence. *Id.* The fact-finder is free to believe all, part, or none of the evidence presented. *Id.* "Although a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty." *Commonwealth v. McFadden,* 850 A.2d 1290, 1293 (Pa. Super. 2004).

In order to obtain a conviction for aggravated assault, 18 Pa.C.S. §2702(a)(1), the Commonwealth must establish the defendant attempted to cause serious bodily injury to another, or caused such injury under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S. §2702(a)(1); *Commonwealth v.*

*Patrick,* 933 A.2d 1043 (Pa. Super. 2007). Serious bodily injury is injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Commonwealth v. Alexander,* 477 Pa. 190, 383 A.2d 887 (1978). Where the victim suffers serious bodily injury, the Commonwealth is not required to prove specific intent; rather, the Commonwealth need only prove the defendant acted recklessly under the circumstances manifesting extreme indifference to the value of human life. *Patrick,* 933 A.2d at 1045-46.

In order to obtain a conviction for recklessly endangering another person, 18 Pa.C.S. §2705, the Commonwealth must establish the defendant engaged in reckless conduct which placed another person in danger of bodily injury or death. 18 Pa.C.S. §2705. The Commonwealth must prove the defendant had the actual present ability to inflict harm rather than the apparent ability to do so. *Commonwealth v. Hopkins,* 747 A.2d 910 (Pa. Super. 2000).

In order to obtain a conviction for simple assault, the Commonwealth must establish the defendant attempted to cause or intentionally, knowingly or recklessly caused bodily injury to another. 18 Pa.C.S. §2701(a)(1).

In this case, the convictions are supported by the evidence. The evidence, in light most favorable to the Commonwealth as verdict winner, establishes that the defendant quickly drove off at a time when the victim was attempting to get into the vehicle and holding onto the door handle. The victim screamed at the defendant to

stop, then fell to the street. The defendant's vehicle then ran over the victim, but the defendant failed to stop. Rather, he continued driving and drove through a stop sign and the section of road around which Pappas had placed road cones. As previously stated in greater detail, the victim suffered multiple broken bones, serious injuries to various internal organs and was hospitalized in excess of two weeks.

The defendant specifically avers a lack of evidence as to his mental state. However, the court, as finder of fact, inferred the defendant possessed the required mental state of recklessness due to his knowledge of where the victim was standing at the time he drove off and his action of continuing to drive after running over the victim. See *Commonwealth v. Hinds,* 244 Pa. Super. 182, 189-90, 366 A.2d 1252, 1256 (1976) (holding because there is seldom direct evidence of mental state, it is within the province of the finder of fact to infer mental state from circumstances). In its verdict, the court, as finder of fact, rejected the idea that the defendant could run over a human being and not know it.

## 2) *Weight of the Evidence*

The weight of the evidence is exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. McCloskey,* 835 A.2d 801, 809 (Pa. Super. 2003). "A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to support the verdict, but contends, nevertheless, that the verdict is against the weight of the evidence." *Commonwealth v.*

*Davis,* 799 A.2d 860, 865 (Pa. Super. 2002). Whether a new trial should be granted on grounds that it is against the weight of the evidence is addressed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Id.* In determining whether the verdict is against the weight of the evidence, the role of the trial court is to determine whether "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Commonwealth v. Widmer,* 560 Pa. 308, 320, 744 A.2d 745, 752 (2000). (citations omitted) Stated more concisely, the verdict should not be disturbed unless it is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Miller,* 555 Pa. 354, 367, 724 A.2d 895, 901 (1999).

In the instant case, the court finds the verdict was not so contrary to the evidence as to shock its sense of justice.

### 3) *Sentencing*

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Burkholder,* 719 A.2d 346 (Pa. Super. 1998). "An appellate court will not disturb the lower court's judgment absent a manifest abuse of discretion. In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. Further, a sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a

meaningful fashion." *Commonwealth v. Fish,* 752 A.2d 921, 923 (Pa. Super. 2000). (citation and internal quotations omitted)

The defendant does not allege the sentence imposed exceeds statutory limits. Rather, the defendant argues the factors contained in the Sentencing Code do not militate in favor of the sentence imposed.

In imposing sentence, the court gave consideration to numerous factors:

"The Court: The court here today has considered the age of this defendant, the court has considered the nature of the offense. The court has considered the testimony presented here today at the bench trial, and the court has considered the guideline ranges. The court has considered that the defendant has adopted the written presentence investigation report prepared and which he reviewed and adopted today. The court has considered that this was a serious case to the victim, that the defendant acted at least recklessly in his actions. He ran over the victim and kept on going and went through a red light and he kept on going. At no point did he stop. This court does not find credible that he would have not known he ran over a body be it a dog or a person when he did it. The court considers that all he had to do was stop. It is not relevant to the finding as to whether it was a sensible thing for this woman to do, but nonetheless, she was yelling at him. The court found believable that he was playing with the buttons on the car and the windows were going up and down, and he knew that was a risk and he didn't care. The court finds, and understanding the defense argument with regard to the detainer that was lodged against him by ICE, and for all those reasons the court will enter the

following order." N.T., sentencing hearing, 9/29/2009, pp. 8-9.

In light of this court's meaningful consideration of numerous factors when deciding the sentence imposed in this case, the sentence does not constitute an abuse of discretion.

For all the above-mentioned reasons, the court respectfully requests the defendant's appeal be denied.