J. S06033/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,  :    IN THE SUPERIOR COURT OF
                       :           PENNSYLVANIA
             Appellee     :
                       :
         v.           :
                       :
RAFI KEARSE,            :
                       :
            Appellant    :    No. 749 EDA 2014

Appeal from the Judgment of Sentence February 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0005632-2013

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:         **FILED MARCH 13, 2015**

Appellant, Rafi Kearse, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following a waiver trial and his convictions for aggravated assault,[1] persons not to possess firearms,[2] and possessing an instrument of crime[3] ("PIC"). Appellant contends the evidence was insufficient to find him guilty of aggravated

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702. We note that after Appellant was convicted, the statute was amended. However, the amendments do not affect the case *sub judice*.

[2] 18 Pa.C.S. § 6105.

[3] 18 Pa.C.S. § 907.

assault because he did not have the required *mens rea* to commit the crime.

We affirm.

The trial court summarized the facts of this case as follows:

> The evidence adduced at trial established that Appellant shot a male, Demetrius Campbell, in the back during a fight between Mr. Campbell and Chris Brown—Appellant's [child's] mother's cousin. Specifically, on March 30, 2012, at approximately 9:20 p.m., Appellant, [his child's] mother, Lisa Talley, along with her mother, Lisa Miles, sister, Brittany Miles, brother, Douglas Talley, cousin, Chris Brown, and two other males, Demetrius Campbell and James Logan, were hanging out in Ms. Talley's bedroom inside 1411 Jefferson Street . . . . At said time and location, Messrs. Campbell and Brown got into an argument, which escalated to a fistfight in the bedroom. While the fight was going on, the non-combatants initially tried to break it up, but then decided to "just let them fight."
>
> When Mr. Campbell started to get the better of Mr. Brown, Appellant retrieved a silver and black handgun and shot Mr. Campbell in the back. Ms. Talley immediately turned around and exclaimed, "What the f*ck are you doing?" Mr. Campbell then ran out of the room, and out of the house. Appellant attempted to follow him outside, but Ms. Talley [ ] shut the door to prevent him from leaving. When she thought Mr. Campbell had had sufficient time to escape, she opened the door, and Appellant placed his silver and black handgun inside a black duffel bag, and fled.
>
> Mr. Campbell was transported by Temple University Police to Temple University Hospital in critical condition. The bullet had entered his back, perforated his lung, fractured two ribs, exited his chest and lodged in his left arm, requiring emergency surgery and eight (8) days of inpatient care. Fortunately, while he was in the emergency room, Mr. Campbell was able to relay to Philadelphia Police Officer Carlos Rodriquez where the shooting had occurred. Officer Rodriquez then issued a radio broadcast that led police to 1411 Jefferson Street.

> There, police encountered Ms. Talley, her sister Brittany, and mother Lisa—**each of whom provided detailed statements to detectives describing the above events and positively identifying Appellant as the shooter**.

Trial Ct. Op., 7/23/14, at 2-3 (footnote and citations to record omitted) (emphasis supplied).

Appellant was sentenced to five to ten years' imprisonment for aggravated assault and a consecutive term of two to four years' imprisonment for persons not to possess firearms. The court did not impose a penalty on his conviction for PIC. This timely appeal followed.[4] Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Appellant raises the following issue for our review: "Whether the evidence submitted at trial was sufficient to convict [Appellant] of Aggravated Assault where the evidence presented suggested he did not have the required *mens rea* to commit the crime?" Appellant's Brief at 3.

He argues:

> [T]evidence i[s] insufficient to prove [Appellant] guilty of aggravated assault beyond a reasonable doubt, because [Appellant's] *mens rea* at the time of the shooting was

---

[4] Appellant did not file a post-sentence motion. However, a sufficiency of the evidence claim can be raised for the first time on appeal. Pa.R.Crim.P. 606(A)(7); **Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa. Super. 2011).

never established. The only **Alexander**[5] factor that is present is the weapon. There are no statements, sustained attack, nor any other actions that show [Appellant] had the intent to cause serious bodily injury. In fact [Appellant's] statements and actions seem to indicate he was negligent in his behavior.

**Id.** at 9.

As a prefatory matter, we consider whether Appellant has waived this issue on appeal. Appellant raised the following issue in his Pa.R.A.P. 1925(b) statement:

The trial court erred in convicting [Appellant] of Aggravated Assault, because the evidence was insufficient where he was neither found with the alleged weapon, nor did any of the eye[-]witnesses say they saw him with a gun at trial. The Commonwealth's case relied on the testimony of Detective Michael Rocks who took statements from the two eye[-]witnesses at trial, Lisa Talley, and Lisa Miles. While both witnesses gave statements to Detective Rocks that placed a gun in [Appellant's] hands at the time of the shooting, bot[h] recanted their statements at trial. Further, the complaining witness did not testify at trial as to who shot him.

---

[5] Appellant cites **Commonwealth v. Alexander**, 383 A.2d 887 (Pa. 1978) as follows:

There is no evidence that appellant was disproportionately larger or stronger than the victim; appellant was not restrained from escalating his attack upon the victim; appellant had no weapon or other implement to aid his attack; appellant made no statements before, during, or after the attack which might indicate his intent to inflict further injury upon the victim.

**See** Appellant's Brief at 8 (quoting **Alexander**, 383 A.2d at 889).

***Id.*** at 4.[6]

In ***Commonwealth v. Williams***, 959 A.2d 1252 (Pa. Super. 2008), the appellant's

> 1925(b) statement language d[id] not specify how the evidence failed to establish which element or elements of the three offenses for which [he] was convicted. To name certain witnesses who failed to establish the Commonwealth's case says nothing about how the evidence was insufficient. Which elements of which offense were unproven? What part of the case did the Commonwealth not prove?
>
> In any given case, there may be one or more witnesses whose testimony fails to prove the charges. Indeed, perhaps all the witnesses fail to do so. Very well. But how did they fail? What part of the offenses did the Commonwealth not establish? What element is it that this Court is to analyze on appeal?
>
> **If [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal.**

***Id.*** at 1257 (emphasis supplied and citation omitted).

Where the Rule 1925(b) statement "**does not specify the allegedly unproven elements**," the issue is waived. ***Id.*** Instantly, Appellant's Rule 1925(b) statement does not specify the allegedly unproven elements upon which the evidence was insufficient. Therefore, the issue is waived. ***See id.***

---

[6] The certified record on appeal contains Appellant's 1925(b) statement denominated as a preliminary statement. ***See*** Appellant's Preliminary Concise Statement of Matters Complained of on Appeal, 5/30/14, at 1. It is virtually identical to the statement reproduced in Appellant's brief.

Assuming, *arguendo*, the issue is not waived, we find no relief is due.

"A claim challenging the sufficiency of the evidence is a question of law."

***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict. . . .
>
> \* \* \*
>
> When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt.

***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1235-36, 1237 (Pa. 2007)

(citations and quotation marks omitted).

Appellant was convicted under the following subsection of the aggravated assault statute:

> **(a) Offense defined.**—A person is guilty of aggravated assault if he:
>
> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S. § 2702(a)(1).

This Court has stated:

> Where the victim suffers serious bodily injury, the Commonwealth is not required to prove specific intent.
>
> > The Commonwealth need only prove [the defendant] acted recklessly under circumstances manifesting an extreme indifference to the value of human life. For the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that **injury** or death will ensue.

*Commonwealth v. Patrick*, 933 A.2d 1043, 1046 (Pa. Super. 2007) (*en banc*) (emphasis supplied).

In *Commonwealth v. Wesley*, 860 A.2d 585 (Pa. Super. 2004), the defendant shot the victim in the back. *Id.* at 587. This Court held: "By causing serious bodily injury to the victim with a gun, namely, wounding the victim in the back, [the defendant] committed aggravated assault." *Id.* at 593.

This Court has stated that

> the Commonwealth was not required to prove appellant acted with the "specific intent" to cause [the victim's] injuries. . . . Since appellant actually caused . . . "serious bodily injury," the Commonwealth, at a minimum, had to prove that appellant caused these injuries "recklessly under circumstances manifesting extreme indifference to the value of human life." In other words, the Commonwealth had to prove that appellant acted with malice.
>
> To prove malice, "it must be shown that the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily harm." This state of mind may be inferred "from conduct, recklessness of consequences, or the cruelty of the crime." In following, under our caselaw, we have extraordinarily well established precedent stating that **if a gun**

> **discharges and the bullet strikes the victim, the intentional act of pointing the gun and aiming it at a vital part of the human body creates the presumption of malice**.

*Commonwealth v. Payne*, 868 A.2d 1257, 1261 (Pa. Super. 2005) (citations omitted and emphasis added).

Instantly Appellant concedes "[t]here is no doubt that an aggravated assault was committed against Demetrius Campbell. The medical records speak for themselves." Appellant's Brief at 7. He avers only that the Commonwealth did not "provide sufficient evidence as to [Appellant's] *Mens Rea* at the time of the shooting." *Id.*

Appellant shot Mr. Campbell in the back, resulting in serious bodily injury, thus creating the presumption of malice. *See Payne*, 868 A.2d at 1261; *Wesley*, 860 A.2d at 593. There was sufficient evidence that Appellant committed aggravated assault. *See Ratsamy*, 934 A.2d at 1235-36; *Patrick*, 933 A.2d at 146.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2015