J-S24030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEVEN RENE GUZMAN-RODRIGUEZ, | |
| Appellant | No. 302 MDA 2015 |

Appeal from the Judgment of Sentence of December 17, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s):
CP-06-CR-0000607-2014

BEFORE:  GANTMAN, P.J., BOWES, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 22, 2016**

Steven Rene Guzman-Rodriguez appeals from the December 17, 2014 judgment of sentence of two consecutive terms of six to twenty years incarceration imposed after a jury found him guilty of aggravated assault and two counts of intimidation of a witness.  We affirm.

The Commonwealth adduced the following evidence at trial.  On January 20, 2012, a dispute arose between neighbors on the 300 block of Pear Street, in Reading, Pennsylvania.  Two sisters, Bianca Claudio and Ana Rodriguez-Claudio, engaged in a verbal altercation with Geovanie Collazo-Rosa, who lived across the street.  Mr. Collazo-Rosa stood in the street as the sisters shouted at him from Ms. Claudio's porch.

Appellant, along with three other individuals, approached Mr. Collazo-Rosa in Appellant's red Toyota Corolla. Appellant sat in the passenger seat. As the car came to a stop, shots rang out from the right side of the vehicle. Five bullets, from two firearms, struck Mr. Collazo-Rosa as he stood on the right side of the street. Four bullets were fatal. Appellant and his accomplices fled the scene in the Toyota. Police officers arrived shortly thereafter, and found Mr. Collazo-Rosa lying dead in the street. Subsequently, Appellant solicited two men who intimidated Ms. Claudio on his behalf. During the ensuing grand jury proceedings, Ms. Claudio testified that Appellant confronted her and threatened to harm her daughter if she identified him to investigators.

A jury convicted Appellant of the above-mentioned crimes. Appellant's aggravated assault conviction included a specific jury finding that he did not use a firearm in the commission of the offense. The jury acquitted him of first-degree murder, third-degree murder, and aggravated assault with a deadly weapon. The court imposed two consecutive sentences of six to twenty years incarceration.[1] Appellant filed post sentence motions, which were denied. This timely appeal ensued.

---

[1] The two counts of intimidating a witness merged for sentencing. N.T. Sentencing, 11/17/14, at 9.

The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court authored its opinion on February 3, 2016. The matter is now ready for our review. Appellant presents four issues for this Court's consideration.

1. Whether the trial court abused its discretion and erred in determining that supposed grand jury testimony alluded to by the Commonwealth in its questioning of a witness was a) in the record at all where the Commonwealth never marked, authenticated, or admitted any such exhibit? And b) that the alluded to grand jury testimony was substantive evidence and not simply impeachment evidence?

2. Whether the evidence was insufficient to sustain a conviction for the Aggravated Assault offense/no firearm possessed where a) there was no identification of [Appellant] as being present at the scene of the offense, and b) there was no evidence or testimony to support a conclusion that [Appellant] was in any way involved?

3. Whether the trial court committed an abuse of discretion and prejudicial error by allowing, over objection, extensive testimony regarding the use of a particular phone number in the course of the events which was alleged by the Commonwealth to belong to [Appellant] despite the fact that the Commonwealth was never able to articulate how the phone number was connected to [Appellant]?

4. Whether the trial court committed an abuse of discretion in sentencing by imposing consecutive, maximum, top of the aggravated range sentences for the stated reason that "[Appellant] is a danger to the community" where that conclusion is not supported in the record which indicates that [Appellant] has no prior convictions for crimes of violence, and which indicates, in connection with the aggravated

assault charge, that [Appellant] did not possess a weapon and was only "somehow" involved in the incident?

Appellant's brief at 8.

As Appellant's second issue relates to the sufficiency of the evidence, and a successful sufficiency challenge warrants discharge, we address that issue at the outset. *Commonwealth v. Toritto*, 67 A.3d 29, 33 (Pa.Super. 2013) (*en banc*). In analyzing a sufficiency challenge, we must determine "whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable a fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Gonzalez*, 109 A.3d 711, 716 (Pa.Super. 2015) (citations omitted). "In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. *Id*. In addition,

> we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id*.

Appellant contends there was insufficient evidence to support his aggravated assault conviction since no witness testified definitively that he was present during the shooting. Appellant's brief at 25. Emphasizing the jury's specific finding that he did not possess a firearm while committing these crimes, Appellant asserts that he could not be liable for the aggravated assault since he was not found to possess a firearm, and there is otherwise no evidence that he aided in the commission of aggravated assault. *Id*. at 26.

A person is guilty of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S. § 2702(a)(1). Where the victim suffers serious bodily injury, the Commonwealth is not required to prove specific intent. **Commonwealth v. Patrick**, 933 A.2d 1043, 1046 (Pa.Super. 2007) (*en banc*). Instead, the Commonwealth "need only prove the defendant acted recklessly under circumstances manifesting an extreme indifference to the value of human life." *Id*. (citation omitted). Moreover, "for the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue." *Id*. (citation omitted).

Under the doctrine of accomplice liability, a person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, *i.e.*, an accomplice in the commission of an offense. 18 Pa.C.S. § 306(a) and (b). A person is an accomplice if, with the intent of facilitating the commission of the offense, he solicits or aids the other person in committing it. 18 Pa.C.S. § 306(c).

We now examine the proof adduced by the Commonwealth. Ms. Claudio testified that she was present when Appellant visited her sister, Ana, in his red Toyota Corolla earlier on the day of the shooting. N.T., 11/12/14, at 134. She later recognized that same car as Appellant's when it approached the victim during their argument. *Id*. at 135. At trial, Ms. Claudio equivocated as to whether Appellant was one of the four individuals in the car. *Id*. 136; 138-39; 154. She believed it was Appellant, but could not assure the court it was him. *Id*. at 154. It was elicited that, at the grand jury proceedings, Ms. Claudio reported that Appellant was the front seat passenger. *Id*. at 167-68. Other witnesses observed gunfire that originated from the front and rear passenger side of Appellant's vehicle striking the victim. N.T., 11/10/14, at 46; 55. Appellant, along with the other individuals in his car, then fled the scene of the crime. *Id*. at 68-69.

After viewing all the evidence admitted at trial in the light most favorable to the Commonwealth, we find there is sufficient evidence to prove

beyond a reasonable doubt that Appellant aided in the aggravated assault on Mr. Collazo-Rosa. Contrary to Appellant's position, Ms. Claudio's testimony alone suffices to demonstrate that Appellant was seated in the passenger seat of his car during the commission of the crime. Ms. Claudio maintained that she was familiar with Appellant's vehicle, having seen it earlier that day, and recognized the individual in the passenger seat as someone who looked like Appellant. Numerous witnesses observed that shots were fired from Appellant's car, fatally striking the victim. The fact that the jury found that Appellant did not possess a firearm does not warrant discharge, as he supplied the vehicle used to facilitate the crime as well as to flee the area. This testimony is sufficient to place Appellant in his vehicle at the time of the shooting, and to prove that he assisted in its commission. Thus, Appellant's contention fails.

Having determined that there is sufficient evidence to support Appellant's conviction, we turn now to the remaining issues before us. Appellant next assails the trial court's rulings regarding the admissibility of certain evidence. We note that the "admission of evidence rests within the discretion of the trial court, and we will not reverse absent an abuse of discretion." *Commonwealth v. Kinard*, 95 A.3d 279, 284 (Pa.Super 2014) (citation omitted). The court abuses its discretion "when the course pursued represents not merely an error in judgment, but where the judgment is

manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will. ***Id***.

Appellant's argument is two-fold. First, Appellant asserts that the trial court erred in considering grand jury testimony alluded to during the examination of Ms. Claudio that was never admitted into evidence. Second, Appellant contends that the court erred in viewing the testimony as substantive evidence. Appellant's brief at 19. Appellant notes that the Commonwealth examined Ms. Claudio regarding statements she made before the grand jury concerning the confrontation that she had with Appellant wherein he personally threatened her, and her identification of Appellant as being at the scene of the crime. He maintains that the Commonwealth did not lay a foundation for introducing Ms. Claudio's inconsistent statements, and that they were not otherwise presented through another witness. ***Id***. 21-22.

Appellant did not object that Ms. Claudio's testimony regarding her previous inconsistent statements were not admitted into the record, otherwise authenticated, or could only be used as impeachment evidence. To the extent there was any error, this argument was waived. ***Commonwealth v. Stokes***, 78 A.3d 644, 653 (Pa.Super. 2013) (finding that "in order to preserve an issue for review, a party must make a timely and specific objection at trial.").

Assuming, *arguendo*, this matter were properly before us, Appellant is not entitled to relief. Ms. Claudio's testimony regarding her previous grand jury testimony was itself substantive evidence which did not need to be authenticated or admitted into evidence. Therefore, we find the trial court did not err in admitting Ms. Claudio's testimony.

"A prior inconsistent statement of a declarant is admissible to impeach the declarant." *Commonwealth v. Henkel*, 938 A.2d 433, 442 (Pa.Super. 2007) (citation omitted). Prior inconsistent statements may also be admitted as substantive evidence

> provided the declarant testifies at trial and is subject to cross-examination concerning the statement and one of the following is true: 1) the prior inconsistent statement was given under oath subject to the penalty of perjury at a trial, hearing, deposition, or other proceeding; 2) the prior inconsistent statement is contained within a signed writing adopted by the declarant; and/or, 3) the rendition of the statement offered is a verbatim contemporaneous recording of an oral statement.

*Id*.; *see also* Pa.R.Evid. 803.1. The record reveals:

> [District Attorney]: Now, do you remember testifying before the grand jury back on June 13 of 2014? In front of the grand jury, do you remember me asking you questions in front of a big room of people?
>
> [Ms.Claudio]: Yes.
>
> Q: Do you remember you swore under oath to tell the truth?
>
> A: Yes.

Q: And you would agree with me that back then you had a fresher recollection of what happened?

A: Yes.

Q: And when you testified, were you testifying truthfully?

A: Yes.

Q: Do you recall testifying when I asked you the question, did [Appellant], himself, ever threaten you personally and your answer was, just the first time after we came out of the courthouse?

A: I don't remember seeing [Appellant] after the courthouse.

Q: Do you remember testifying to that?

A: Yes.

N.T., 11/12/14, at 148-49. On redirect examination, the Commonwealth again referred to Ms. Claudio's grand jury testimony.

Q: And is it fair to say that the first time that you brought up that [Appellant] was involved and the red car was in the grand jury testimony – your grand jury testimony; is that fair to say?

A: Yes.

*Id*. at 167-68.

To summarize, Ms. Claudio conceded that she previously made statements before the grand jury inconsistent with her testimony at trial. Ms. Claudio acknowledged her prior testimony on the record and was subject to cross-examination. Furthermore, her testimony before the grand jury was given under oath and subject to the penalty of perjury. The

Commonwealth was not required to offer the transcript of the grand jury proceedings, as Appellant suggests, or lay a foundation for Ms. Claudio's statements at trial in order to present them to the jury. Rather, Ms. Claudio's testimony at trial regarding her prior inconsistent statements met the structural requirements of Pa.R.E. 803.1, and the trial court did not abuse its discretion in admitting it as substantive evidence.

Next, Appellant contests the admission of testimony, phone records, and historical location data regarding a cellular telephone number purportedly linked to Appellant. At trial, the Commonwealth attempted to associate Appellant with a phone number, which was actually assigned to an unknown third-party, to prove Appellant was present at the scene of the crime. Appellant argues it was error to allow extensive testimony regarding the phone number when the Commonwealth was unable to substantiate a connection between that number and Appellant. Appellant's brief at 28. Furthermore, Appellant maintains that, despite the court's curative instruction calling for the jury to disregard all evidence related to the phone number, the error was prejudicial. Appellant contends, "there was so little evidence of appellant's guilt that it is difficult to imagine how the jury could have found him guilty of anything but for the fact they heard extensive testimony . . . that the telephone number [was his]," and therefore a new trial is warranted. *Id*. at 27-28. We disagree.

The Supreme Court of Pennsylvania has held that when the trial court provides a curative instruction, the defendant's failure to object to that curative instruction indicates a satisfaction with the curative instruction. Any prejudice is assumed to be cured since the jury is presumed to follow the court's instructions. ***Commonwealth v. Jones***, 668 A.2d 491, 504 (Pa. 1995).

Here, the Commonwealth offered phone records as well as lay and expert testimony to connect Appellant to a cellular phone that was within Mr. Collazo-Rosa's vicinity at the time of his death. The trial court initially permitted the Commonwealth to proceed based on its assurance that such a connection would be corroborated. At the time of its offering, this evidence was relevant circumstantial evidence tending to show that Appellant was present near the scene of the crime. ***See Gonzalez***, ***supra***; Pa.R.E. 401. Hence, the trial court did not abuse its discretion in admitting it into evidence.

Nevertheless, the Commonwealth subsequently failed to substantiate an association between Appellant and the cell phone. As a result, the trial court prohibited the jury from considering the phone records, or the related testimony. N.T., 11/13/14, at 349-50. Appellant did not object to the court's curative instruction. Thus, we find the court's instruction cured any prejudice arising from this evidence. ***Jones***, ***supra***. Furthermore, contrary

to Appellant's position herein, there was sufficient evidence of Appellant's involvement in the death of Mr. Collazo-Rosa above and beyond any circumstantial evidence provided by the cellular phone evidence. Thus, Appellant's contention fails.

Finally, Appellant challenges the discretionary aspects of his sentence. We note, "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa.Super. 2013) (citations omitted). An "appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." **Id**. A defendant presents a substantial question when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Id**. Furthermore, "in order to properly present a discretionary sentencing claim, a defendant is required to preserve the issue in either a post-sentence motion or at sentencing and in a court-ordered Pa.R.A.P. 1925(b) concise statement." **Id**. Moreover, on appeal, the defendant "must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." **Id**.

Appellant preserved this issue in his post-sentence motion, Pa.R.A.P. 1925(b) statement, and provided a Pa.R.A.P. 2119(f) statement. We observe that Appellant failed to indicate what provision of the sentencing code was violated. However, the Commonwealth has not challenged the adequacy of Appellant's 2119(f) statement, and therefore we will consider whether Appellant has raised a substantial question for our review.

Appellant claims the trial court erred when it imposed consecutive sentences at the top of the aggravated range of the sentencing guidelines. Appellant's brief at 29. Appellant maintains that such a sentence is manifestly excessive, citing to **Dodge**, **supra** for the proposition that such sentences may raise a substantial question as to their propriety. **Id**. at 30. Furthermore, Appellant asserts that the trial court stated reasons for sentencing in the aggravated range that were already included in the standard sentencing guidelines, were unsupported by the record, or were irrelevant. **Id**. at 29-33.

Generally, a bald excessiveness claim does not raise a substantial question. **See Dodge**, **supra**. However, an excessiveness claim in conjunction with Appellant's claim that the court's decision is supported by irrelevant considerations or facts outside the record may raise a substantial question. **See Dodge**, **supra**; **Commonwealth v. Zeigler**, 112 A.3d 656 (Pa.Super. 2015) (finding a bald excessiveness claim in combination with an

assertion court did not adequately consider a mitigating factor may present a substantial question).

Having concluded that Appellant has presented a substantial question for our review, we turn to the merits of his sentencing claim. "We analyze the sentencing court's decision under an abuse of discretion standard." *Zeigler*, *supra* at 661 (citation omitted). In addition, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Id*. at 661. Section 9781(c) provides that this Court shall vacate a sentence and remand under three circumstances:

> (1)  the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2)  the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3)  the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c).  In addition, we consider:

> (1)  The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2)  The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3)  The findings upon which the sentence was based.

(4)    The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Instantly, the Commonwealth apprised the sentencing court of the guidelines applicable to Appellant.  The offense gravity score for aggravated assault was eleven and Appellant's prior record score was one.   N.T. Sentencing, 11/17/14, at 3.   The standard range was forty-two to sixty months. *Id*.  Thus, Appellant's mitigated range was as low as thirty months, and the maximum aggravated range was seventy-two months.   *Id.* Similarly, since Appellant's offense gravity score for intimidating a witness was eleven, having been graded as a felony of the first degree, the ranges for this count were identical to Appellant's aggravated assault conviction. *Id*.   Using the guideline matrix, the court imposed aggravated range sentences to be run consecutively at each count, and provided the following reasoning:

> The multiple – he had multiple current convictions.  He was on probation or parole at the time of his arrest.  He's a repeat criminal.  He had a pattern of criminal behavior.  He's a danger to society.  He's a poor candidate for rehabilitation.  The victim was injured [sic] and a lesser sentence would depreciate the seriousness of the crime.

*Id*. at 8.

Based on the foregoing, Appellant's aggregate sentence of twelve to forty years of incarceration was not clearly unreasonable.    The court

sentenced Appellant within the sentencing guidelines, albeit at the top of the aggravated range. In addition, the circumstances surrounding Appellant's conviction do not warrant a finding that the consecutive sentences were unreasonable. Appellant participated in the close-range slaying of Mr. Collazo-Rosa, and fled the scene while the victim lay dying in the street. Two other individuals were injured during this shooting, one of whom was also fatally shot. The sentencing court heard, on the record, that at the time of the shooting, Appellant was on bail for a drug offense. Furthermore, Appellant solicited two individuals to threaten a key witness in an attempt to avoid prosecution for this crime. Lastly, the sentencing court reviewed the presentence report, and had the opportunity to observe Appellant's demeanor throughout his trial and sentencing hearing. Therefore, the sentencing court had valid reasons, supported by the record, to impose aggravated range sentences to run consecutively, and we discern no abuse of the trial court's discretion in this regard.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016

- 17 -