**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Kathleen McCULLOUGH, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 22, 2013.
Filed Feb. 27, 2014.

Scott Coffey, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Keaton Carr, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and MUSMANNO, J.

OPINION BY PANELLA, J.

Appellant, Kathleen McCullough, appeals from the order entered March 28, 2012, by the Honorable Donald E. Machen, Court of Common Pleas of Allegheny County, which denied McCullough's Motion to Dismiss. We affirm.

On February 19, 2009, McCullough was charged with theft by unlawful taking and conspiracy along with her brother, Charles McCullough, regarding $4,575.01 in fees paid to McCullough for providing care and companion services to the alleged victim, Shirley H. Jordan, in 2006. Charles McCullough is alleged to have improperly used his status as power of attorney to misappropriate funds from Jordan. These fees, at a rate of $60 per hour, were deemed exorbitant by the Commonwealth, but a prior orphans' court proceeding allegedly approved payment from the Jordan estate to McCullough for the companion services by order dated September 28, 2006.

On July 25, 2011, McCullough filed a Motion to Join Motion to Dismiss originally filed by her brother, Charles McCul-

lough, based upon the orphans' court proceedings. McCullough independently filed a renewed Motion to Dismiss on March 19, 2012. The trial court denied the Motion to Dismiss on March 28, 2012, and declined to certify the matter for an immediate interlocutory appeal. On May 31, 2012, McCullough filed a Petition for Judicial Review in the Superior Court, which this Court granted.[1]

On appeal, McCullough raises the following issues for our review:

1. Did the trial court err in denying Appellant's Motion to Dismiss since the Commonwealth failed to establish a *prima facie* case against Appellant, the allegations of theft and conspiracy have been discredited and barred by an existing [orphans'] court determination that the companion fees received by Appellant were appropriate and, additionally, she will be severely prejudiced by having to be tried in an approximate four week jury trial wherein co-defendant Charles McCullough was charged with 24 criminal counts and the sheer length and breadth of witness testimony and evidence that will be introduced against the co-defendant, who is her brother, will surely prejudice the jury against her?

2. Did the trial court err in denying Appellant's Motion to Dismiss since the Commonwealth is collaterally estopped or otherwise barred by constitution and/or statute from premising its criminal prosecution of appellant on the relitigation of critical issues of fact and law that have been finally determined in her favor through prior [orphans'] court pro-

ceedings properly concerning matters at the core of the Commonwealth's instant case against her?

Appellant's Brief at 3.

We begin by first addressing McCullough's claim that the Commonwealth failed to establish a *prima facie* case regarding the theft and conspiracy charges. "The decision to grant or deny a petition for writ of *habeas corpus* will be reversed on appeal only for a manifest abuse of discretion." *Commonwealth v. Winger*, 957 A.2d 325, 327 (Pa.Super.2008) (citation and brackets omitted).

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Id.*, at 328 (citation omitted).

■■■ Our scope of review is limited to deciding whether a *prima facie* case was established:

> [T]he Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in **allowing the case to go to the jury.** When deciding whether a *prima facie* case was established, we must view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which could sup-

---

1. The Allegheny County Public Defender's Officer was permitted to withdraw as counsel of record in this matter on October 3, 2012.

port a guilty verdict. The standard clearly does not require that the Commonwealth prove the accused's guilt beyond a reasonable doubt at this stage. *Commonwealth v. Landis,* 48 A.3d 432, 444 (Pa.Super.2012) (citation omitted). "[T]he prima facie case merely requires evidence of the existence of each element of the crime charged." *Id.* (citation omitted). "The weight and credibility of the evidence is not a factor at this stage." *Id.*

■ The offense of Theft by Unlawful Taking—Movable Property, is defined at section 3921 of the Crimes Code as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa. Cons.Stat. Ann. § 3921(a). McCullough argues that the Commonwealth did not establish an intent to deprive. She suggests that the evidence presented, at most, "a bad business decision to pay someone a higher than usual rate for the care they provided." Appellant's Brief at 25.

Viewing the evidence in the light most favorable to the Commonwealth and considering all reasonable inferences easily drawn therefrom, we find McCullough's claim to be without merit. At the preliminary hearing, the Commonwealth presented evidence that McCullough began billing Jordan for services at an allegedly exorbitant rate during the same month she had been fired from her prior employer, Mackin Engineering Company, for misappropriating over $1,000,000 of company funds. *See* N.T., Preliminary Hearing, April 17–21, 2009, Vol. I at 13–22. The Commonwealth also presented evidence that McCullough had used Mackin funds to pay off her personal American Express account, and had an outstanding balance of approximately $50,000 when she was released from Mackin and began billing Jordan $60 per hour. *See id.,* at 19–20; 85–

90. At this stage of the proceedings, we find this sufficient so that a jury could reasonably infer from the circumstances that McCullough intended to deprive the victim of her money in order to pay off her outstanding invoices. In light of this evidence, we find the Commonwealth sufficiently established the element of intent such that a *prima facie* case against McCullough for the crime of theft by unlawful taking was made. Accordingly, we find no error in the trial court's denial of McCullough's Motion to dismiss the theft charge.

■ We are similarly unpersuaded by McCullough's challenge to the charge of conspiracy. A person is guilty of conspiracy to commit a crime with another "if with the intent of promoting or facilitating its commission [she]: 1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime[.]" 18 Pa. Cons.Stat.Ann. § 903(a)(1). The charge of conspiracy "requires proof of: (1) an intent to commit or aid in an unlawful act; (2) an agreement with a co-conspirator; and (3) an overt act in furtherance of the conspiracy." *Commonwealth v. Ripley,* 833 A.2d 155, 160 (Pa.Super.2003) (citation omitted), *appeal denied,* 577 Pa. 733, 848 A.2d 927 (2004). "An agreement may be inferred from the acts and circumstances of the parties." *Id.* (citation omitted).

McCullough argues that "the mere fact that Mr. McCullough is her brother does not make them conspirators." Appellant's Brief at 27. As noted by the Commonwealth, however, this Court has previously determined that "a conspiracy may be inferred where it is demonstrated that the **relation** ... and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation." *Com-*

*monwealth v. McCall,* 911 A.2d 992, 996 (Pa.Super.2006) (citation omitted) (emphasis added).

At the preliminary hearing, the Commonwealth presented testimony that McCullough's brother misrepresented that he had prior approval from a PNC Bank official, Tom Gray, to pay McCullough the rate of $60 per hour for companion services, when in reality Mr. McCullough authorized the rate for his sister in his own capacity without approval. *See* Preliminary Hearing, April 17–21, 2009, Vol. I at 414–417. The parties also stipulated at the hearing that estimates by the Department of Labor estimated an average wage of $8.62 to $9.74 per hour for personal care and service occupations. *See id.,* at 149. We agree with the Commonwealth that Mr. McCullough's apparently deceptive actions to obtain a seemingly inflated rate of income for his sister at least renders the appearance of the formation of a criminal confederation, and the relationship between the parties raises the inference of a shared criminal intent. Therefore, given our standard of review of a *prima facie* case, we find no error in the trial court's refusal to dismiss the conspiracy charge.[2]

■ Lastly, McCullough argues that the Commonwealth is "collaterally estopped" from premising its criminal prosecution "on the relitigation of critical issues of fact and law that have been finally determined in her favor through prior orphans' court proceedings properly concerning matters at the core of the Commonwealth's instant case against her." Appellant's Brief at 29 (all-capitalized typeface removed). Preliminarily, we note that McCullough did not raise the issue of collateral estoppel in her Renewed Motion to Dismiss filed March 19, 2012, and denied by the trial court on March 28, 2012. Accordingly, it appears that McCullough has waived this issue. *See* Pa.R.A.P. 302(a).

■ Assuming, *arguendo,* that McCullough's claim is not waived, we would not afford relief. The orphans' court proceedings on which McCullough's estoppel claim is premised did not resolve any issue of the alleged criminality of McCullough's behavior. As aptly noted by the trial court, "the law 'has not conferred upon the orphans' court jurisdiction to determine whether an executor has been guilty' of charges brought under indictment." Trial Court Opinion, 7/23/12 at 3 (citing *Commonwealth v. Levi,* 44 Pa.Super. 253, 1910 WL 4193, at *3 (Pa.Super.1910)). As the prior orphans' court proceedings were not dispositive of the criminal charges arising out of McCullough's conduct, we would find no error in the trial court's refusal to dismiss McCullough's charges based on these proceedings.

Order affirmed. Jurisdiction relinquished.

---

2. In her brief, McCullough recounts at length the conflicting testimony presented at the preliminary hearing, and highlights her view of the evidence in favor of her innocence of the charges filed by the Commonwealth. We reiterate that the weight and credibility of the evidence are not factors at this stage. *See Landis, supra.* Our decision merely affirms the trial court's conclusion that a *prima facie* case has been established to bind the Commonwealth's charges to trial.

To the extent that McCullough also argues that she will be prejudiced by the volume of charges and evidence against her co-defendant, this issue must first be raised in the trial court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").