J-S31021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
           Appellant   :
  :
      v.   :
  :
MICHAEL J. HARRIS,   :
  :
           Appellee   :   No. 1867 EDA 2013

Appeal from the Order Entered May 23, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0009270-2012.

BEFORE:  BOWES, SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:            **FILED SEPTEMBER 04, 2014**

Appellant, the Commonwealth of Pennsylvania ("the Commonwealth"), appeals from the order entered on May 23, 2013, that quashed five of the six criminal charges filed against Appellee, Michael J. Harris, prior to trial.[1] We reverse and remand for further proceedings.

The trial court set forth the factual history of this matter as follows:

> On July 20, 2012 at 8 pm, Philadelphia Police Officer Marvin Ruley observed [Appellee], standing with Darryl G[]ass at the north eight hundred block of 43rd Street in Philadelphia. N.T. 8 6/2012 at 4-5. [Appellee] and Mr. G[]ass engaged in brief transactions with two individuals while standing next to a black [J]eep. Id. at 6. One of these individuals, Helen White, was subsequently stopped, and four packets of what was allegedly cocaine were found on her person. Id. At or around 8:15pm,

---

[1] "An order dismissing criminal charges prior to trial is appealable by the Commonwealth." **Commonwealth v. McBride**, 595 A.2d 589, 590 n.3 (Pa. 1991); **Commonwealth v. Karetny**, 880 A.2d 505, 513 (Pa. 2005).

> [Appellee] was observed getting into a gold Chrysler [Cir]rus and driving away Id. at 7. [Appellee] was subsequently stopped, and $254 was recovered from his person. Mr. Gass was also stopped, and no contraband was found on his person. Id. at 7-8. Officers then approached the black [J]eep, where they found a purple container, containing nineteen red tinted packets, on the windshield. Officers were able to see a similar packet on the floor of the [J]eep through the window. Id. at 8. They then secured a search warrant, and recovered one red tinted packet of crack cocaine, one clear bag containing fifty red packets of crack cocaine, and a .32 caliber Smith & Wesson handgun from inside the vehicle. Id. at 8-9, 20.

Trial Court Opinion, 8/22/13, at 1-2.

The Commonwealth charged Appellee with one count each of possession of controlled substance with intent to deliver ("PWID"), firearms not to be carried without a license, possession of a controlled substance, carrying a firearm in public in Philadelphia, possession of an instrument of crime ("PIC"), possession of firearm by a felon, and one count of conspiracy to commit PWID. On September 26, 2012, the Commonwealth withdrew the conspiracy to commit PWID charge, and the balance of the charges were bound over for court.

On December 26, 2012, Appellee filed a motion to quash the remaining six charges. In an order filed on May 23, 2013, the trial court granted Appellee's motion and quashed all of the charges except possession of a firearm by a felon.

The Commonwealth filed a timely appeal and on appeal raises the following issue for this Court:

Did the lower court err in quashing charges where the evidence was sufficient to establish a prima facie case of firearms violations and possession of a controlled substance with intent to deliver?

The Commonwealth's Brief at 4.

The decision to grant a motion to quash criminal charges is within the discretion of the trial court and will be reversed on appeal only where there has been an abuse of that discretion. **Commonwealth v. Weigle**, 949 A.2d 899, 902 (Pa. Super. 2008) (citations omitted).

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

**Commonwealth v. McCullough**, 86 A.3d 896, 898 (Pa. Super. 2014) (citation and quotation marks omitted).

Our scope of review is limited to determining whether the Commonwealth established a *prima facie* case. **Commonwealth v. Patrick**, 933 A.2d 1043, 1045 (Pa. Super. 2007) (citation omitted). The Commonwealth is required to establish sufficient probable cause to show that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury. **Id**.

> When deciding whether a *prima facie* case was established, we must view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which could support a guilty verdict. The standard ... does not require that the Commonwealth prove the [defendant's] guilt beyond a reasonable doubt at this stage.

*Id*. (citations and quotation marks omitted).  The *prima facie* case standard requires evidence of each element of the crime charged, and weight and credibility of the evidence are not factors at this stage of proceedings.  *Id*. (citing **Commonwealth v. Marti**, 779 A.2d 1177, 1180 (Pa. Super. 2001)). This standard does not require the Commonwealth to prove the defendant's guilt beyond a reasonable doubt at this stage.  **McCullough**, 86 A.3d at 899 (citing **Commonwealth v. Landis**, 48 A.3d 432, 444 (Pa. Super. 2012)).

While the record in this matter discloses that Appellee was not arrested in actual physical possession of the firearm or cocaine, actual physical possession is not required for conviction.  A person may be convicted of a possessory offense if the Commonwealth establishes constructive possession.

> Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion."  We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control."  To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Commonwealth v. Brown**, 48 A.3d 426, 430 (Pa. Super. 2012) (quoting **Commonwealth v. Parker**, 847 A.2d 745, 750 (Pa. Super. 2004)).

Constructive possession can be proven by circumstantial evidence and the "requisite knowledge and intent may be inferred from examination of the totality of the circumstances." *Commonwealth v. Clark*, 746 A.2d 1128, 1136 (Pa. Super. 2000) (quoting *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super. 1996)).

Here, the Commonwealth was required to establish sufficient probable cause that Appellee committed the following criminal acts:

**Prohibited acts; penalties**

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \*

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780-113(a)(16).

**Prohibited acts; penalties**

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \*

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a

person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).

**Possessing instruments of crime**

**(a) Criminal instruments generally**.--A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

18 Pa.C.S.A. § 907.

**Firearms not to be carried without a license**

**(a) Offense defined**.--

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

**Carrying firearms on public streets or public property in Philadelphia**

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. § 6108.

In the instant case, the record reflects that Officer Marvin Ruley testified that he saw Appellee engage in multiple exchanges of small items for U.S. currency while he was standing next to a Jeep Cherokee. N.T., 8/6/12, at 5-9. One of the people who made such an exchange with Appellee, Helen White, was immediately apprehended and found in possession of four red-tinted packets of suspected crack cocaine. *Id*. at 6. During these exchanges, Appellee and his cohort, Mr. Gass, were positioned next to, in front of, or behind the Jeep. *Id*. at 5-9. When Appellee was apprehended, he was found in possession of $254.00 but no narcotics. *Id*. at 7-8. However, when officers approached the Jeep next to which Appellee had been standing while he engaged in the aforementioned hand to hand exchanges, they saw a purple plastic container. *Id*. at 8. This purple container, which looked like a chewing gum container, was wrapped in black tape. *Id*. at 8, 16. The container was not inside the Jeep, but rather it was sitting outside the vehicle on the windshield next to the wiper blades. *Id*. at 16. Inside this container were nineteen red-tinted packets of suspected crack cocaine, similar to those found on Helen White. *Id*. at 6, 8. The discovery of this cache of suspected crack cocaine led the officers to obtain a search warrant for the Jeep, and as mentioned above, more suspected crack

cocaine, which was also wrapped in red-tinted plastic, was discovered inside the Jeep along with a firearm. *Id*. at 20.

Officer Paul Perez testified that in securing the search warrant for the Jeep, he learned that it was registered in the name of Michael Harris, which is Appellee's name. N.T., 8/6/12, at 21. A dispute arose as to whether Appellee was the owner of the Jeep or whether his son, Michael Harris Jr., was the owner. *Id*. Regardless, what is clear is that the Jeep was not owned by an unknown third party. The dispute over ownership does not support dismissal of the charges because, even if the Jeep was owned by Appellee's son, it is reasonable to conclude that it was within Appellee's control. Thus, a dispute over ownership of the Jeep was not a basis for dismissal of the charges at the preliminary hearing stage of the proceedings.

After reviewing the evidence presented at the preliminary hearing in the light most favorable to the Commonwealth as we must, we conclude that there was sufficient probable cause to show that Appellee committed the aforementioned possessory offenses, such that, if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury. *Patrick*, 933 A.2d at 1045. To view the evidence otherwise would be to view it in the light most favorable to Appellee. That would cause this Court to accept that it was nothing more than coincidence that a container of suspected crack cocaine, packaged identically to the packets found on Helen

White and inside the Jeep, was simply sitting on the windshield of a vehicle next to which Appellee was exchanging money for small objects.  Based on our standard of review, we cannot reach that conclusion.

Accordingly, we are constrained to reverse the order dismissing the charges against Appellee, and we remand for further proceedings.  We offer no opinion as to whether the Commonwealth will ultimately be able to prove the charges against Appellee beyond a reasonable doubt as that is not the standard to be applied at this juncture.  ***McCullough***, 86 A.3d at 899.

Order reversed.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2014