J-S34002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD GLENN BOWERS | |
| Appellant | No. 54 WDA 2013 |

Appeal from the Judgment of Sentence August 30, 2012
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000820-2009

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 14, 2015**

Richard Glenn Bowers brings this appeal from the judgment of sentence imposed on August 30, 2012, in the Court of Common Pleas of Fayette County.  Bowers was charged with rape of a child, aggravated indecent assault of a child, and indecent assault – person less than 13 years of age.[1]  On April 3, 2012, a jury found Bowers guilty of indecent assault – person less than 13 years of age.[2]  The trial court sentenced Bowers to a mandatory sentence of life imprisonment.  *See* 42 Pa.C.S. § 9718.2.  Bowers presents nine issues, which we have reordered for purposes of

_____

[1] *See* 18 Pa.C.S. §§  3121(c), 3125(b), and 3126(a)(7), respectively.

[2] The jury found Bowers not guilty of rape of a child.  *See* N.T., 4/2-3/2012, at 127.  The court dismissed the charge of aggravated indecent assault of a child.  *See id.* at 92.

discussion. These issues pertain to the trial court's denial of the following motions filed by Bowers: (1) his omnibus pretrial motion in the form of a motion for writ of *habeas corpus*, (2) his motion to dismiss pursuant to Pa.R.Crim.P. 600(G), (3) his motion seeking sanctions, an order providing subpoenas *duces tecum*, a continuance, and other relief, (4) his motion for judgment of acquittal, (5) his motion for a new trial and arrest of judgment asserting the verdict is contrary to the evidence, (6) his motion for a new trial and arrest of judgment asserting the verdict is contrary to the weight of the evidence, (7) his motion for a new trial and arrest of judgment asserting the verdict is contrary to the law, (8) his motion to reconsider the sexually violent predator (SVP) finding, and (9) his motion to modify or reconsider sentence. Finding merit in the final argument, we vacate the judgment of sentence and remand for resentencing.

The trial judge aptly summarized the facts underlying Bowers' conviction:

> The victim, R.M. [born in March, 2002], who was ten years old at the time she testified, identified [Bowers] as her next door neighbor who she knew as "Pap." R.M. testified that [Bowers] would take her riding on his [four-wheel all terrain] quad into the woods and, while in the woods alone, [Bowers] would stop the quad, lay R.M. down on a rug, and pull her pants and underwear down. Then, [Bowers] would "unzipper" his pants, pull out his "thing," and put his "thing" on her ["]thing.["] Under questioning as to what a "thing" was, R.M. testified that it is her "stomach but lower" and it is used for "going to the bathroom.["] She further testified that while [Bowers'] "thing" was on her, he would put both of his arms on either side of her and he was

"moving up and down" over top of her and it was "uncomfortable." When [Bowers] finished "going up and down" on her thing, "he would basically stand up and pull, well he would, take out his hand and spit on and rub it on my thing." [Bowers] told her not to tell anyone and she did not tell anyone at the time "because [she] was scared." R.M. also testified to similar assaults occurring in [Bowers'] garage when he would call her into the garage and close the door. R.M. believed the assaults occurred over a four year period from when she was three until seven years of age.

[R.M.'s mother] testified that [Bowers] is the great-grandfather of R.M.,[3] and that her family moved next door to [Bowers] when R.M. was three years old. [R.M.'s mother] testified that R.M. would go for quad rides with [Bowers] and that [Bowers] would ask R.M. to come over when she was playing outside.

One day [R.M.'s mother] was at her sister-in law's house when R.M. came inside and blurted out "Pap does it with me." When [R.M.'s aunt] asked R.M. what she meant, R.M. responded by spelling out "S-E-X" and identifying [Bowers] as "the pap that lives with Shelly." R.M. then told her mother and aunt that [Bowers] would take her into the garage, lay her down, get on top of her, and move up and down. She also told them that he would spit on his fingers and touch her down below. While relaying this, R.M. pointed to her private area. After receiving counseling, R.M. relayed that [Bowers] would put his mouth on her privates and kiss it.

[R.M.'s mother] also testified that R.M. would have been six years old when she told of the assaults. In an interview, R.M. relayed the same events of the assaults to Trooper James L. Garlick of the Pennsylvania State Police.

Trial Court Opinion, 11/26/2012, at 1–3 (record citations omitted).

_____

[3] Bowers was 67 years old at the time of his arrest on May 20, 2009.

Bowers was convicted by a jury and sentenced as stated above. After post-sentence motions were denied, this appeal followed.[4]

Bowers first contends the trial court erred in denying his omnibus pretrial motion in the form of a motion for writ of *habeas corpus,* wherein he claimed that the Commonwealth had failed to establish a *prima facie* case at the preliminary hearing.

"The decision to grant or deny a petition for writ of *habeas corpus* will be reversed on appeal only for a manifest abuse of discretion." **Commonwealth v. McCullough**, 86 A.3d 896, 898 (Pa. Super. 2014), *appeal denied*, 91 A.3d 1236 (Pa. 2014).

> [T]he Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in **allowing the case to go to the jury**. When deciding whether a *prima facie* case was established, we must view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which could support a guilty verdict. The standard clearly does not require that the Commonwealth prove the accused's guilt beyond a reasonable doubt at this stage.
>
> [T]he *prima facie* case merely requires evidence of the existence of each element of the crime charged. The weight and credibility of the evidence is not a factor at this stage.

---

[4] Bowers timely complied with the order of the trial court to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

*Id.* at 898–899 (citations and quotations omitted) (emphasis in original).

At the omnibus pretrial motion hearing, the Commonwealth presented the testimony of the child victim, and the prosecuting officer, Pennsylvania State Trooper James L. Garlick. **See** N.T., 12/16/2009. Bowers asserts the testimony of the child victim failed to indicate that he engaged in any penetration or sexual intercourse, and that her testimony solely indicated that Bowers engaged "in contact 'on her thing' with 'his thing', and with his fingers 'on her thing.'" Bowers' Brief at 7. Bowers submits that the testimony of the child victim, standing alone, was insufficient to establish a *prima facie* case for the charges. Bowers further asserts that the testimony of Pennsylvania State Trooper James L. Garlick regarding the child victim's out of court statements was inadmissible hearsay because the Commonwealth failed to give proper notice pursuant to 42 Pa.C.S. § 5985.1 ("Admissibility of certain statements"). In addition, Bowers argues Section 5985.1 is unconstitutional in light of the United States Supreme Court decision in **Crawford v. Washington**, 541 U.S. 36 (2004). In the alternative, Bowers argues that even if the statements made by the child victim to Trooper Garlick are admissible, the evidence is insuffcient to establish a *prima facie* case for the charges. For the following reasons, we find these arguments warrant no relief.

We first address the testimony of Trooper Garlick regarding the child victim's out of court statements. Contrary to the argument of Bowers, the

testimony of Trooper Garlick regarding the out of court statements made by the victim were properly admitted under the tender years exception to the rule against hearsay, 42 Pa.C.S. § 5985.1. Here, the Commonwealth provided Bowers with proper notice pursuant to 42 Pa.C.S. § 5985.1(b),[5] by indicating in the notice that the child victim's statements that the Commonwealth intended to present could be found in the police report. **See Commonwealth v. Hunzer**, 868 A.2d 498 (Pa. Super. 2005) ("[T]he notice need not contain an exact word-for-word recitation of that out-of-court statement…. Rather, the Act merely requires that the notice contain 'the particulars of the statement.' 42 Pa.C.S.A. § 5985.1(b)."), *appeal denied*, 880 A.2d 1237 (Pa. 2005); **Commonwealth v. O'Drain**, 829 A.2d 316 (Pa. Super. 2003) (Commonwealth properly gave separate and distinct notice of its intention to proceed by way of the tender years exception where

_____

[5] Section 5985.1 provides in pertinent part:

> *Notice required.* --A statement otherwise admissible under subsection (a) shall not be received into evidence unless the proponent of the statement notifies the adverse party of the proponent's intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding at which the proponent intends to offer the statement into evidence to provide the adverse party with a fair opportunity to prepare to meet the statement.

42 Pa.C.S. § 5985.1(b). The Commonwealth filed its "Notice of Intention to Offer Out-of-Court Statement Made by Child Victim" on December 14, 2009.

Commonwealth specified in its notice that it might introduce at trial testimony of what the child victim had told her mother about the defendant kissing her on different parts of her body). Furthermore, Bowers' argument that The Tender Years Hearsay Act, 42 Pa.C.S. § 5985.1 is unconstitutional in light of *Crawford, supra*, is unavailing.[6]

In *Crawford*, the Supreme Court held that the Confrontation Clause prohibits out-of-court testimonial statements of a witness who did not

_____

[6] Section 5985.1 provides, in relevant part:

(a) *General rule.* --An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. 25 (relating to criminal homicide), 27 (relating to assault), 29 (relating to kidnapping), 31 (relating to sexual offenses), 35 (relating to burglary and other criminal intrusion) and 37 (relating to robbery), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) the child either:

    (i) testifies at the proceeding; or

    (ii) is unavailable as a witness.

42 Pa.C.S. § 5985.1(a).

appear at trial unless the witness was unavailable and the defendant had a prior opportunity to cross-examine the declarant. ***Crawford***, 541 U.S. at 68. Here, the child victim appeared and testified at the hearing on Bowers' omnibus pretrial motion and at trial, and Bowers had an opportunity to cross-examine her about the statements that she made to police. As such, this case is distinguishable from ***Crawford***, and we need not reach the issue of whether Section 5985.1 is unconstitutional in light of ***Crawford***. ***See Commonwealth v. Ceser***, 911 A.2d 978, 983 (Pa. Super. 2006), *appeal denied*, 928 A.2d 1289 (Pa. 2007) (admission of the hearsay statements of child victim under 42 Pa.C.S. § 5985.1 did not violate defendant's Sixth Amendment confrontation rights; child victim was not unavailable within the purview of Pa.R.E. 804(b)(3), and defendant was given the opportunity to cross-examine her concerning the incident in question at both the pre-trial hearing and the trial); ***Commonwealth v. Charlton***, 902 A.2d 554, 560 (Pa. Super. 2006), *appeal denied*, 911 A.2d 933 (Pa. 2006) ("Here, unlike ***Crawford***, the record reveals the victim testified at length regarding the underlying events at both the pretrial competency hearing and the jury trial, and appellant had more than ample opportunity to confront and cross-examine her in each instance. … Accordingly, we do not find the concerns of ***Crawford*** are implicated in this case.").

Lastly, we address Bowers' contention that although he was only found guilty on the third charge of indecent assault, he was prejudiced by the denial of the omnibus pretrial motion with regard to not only the charge of indecent assault but also the charges of rape and aggravated indecent assault. With regard to the charges of rape and aggravated indecent assault, Bowers claims he was prejudiced because "the jury could have been swayed by the presentation of these charges and [the charges] could have affected the jury's guilty verdict on the remaining charge of indecent assault." Bowers' Brief at 11. Bowers also asserts he was prejudiced by the court's denial of the omnibus pretrial motion with regard to the charge of indecent assault because he was ultimately found guilty of that charge. *See id.* Bowers argues that rape of a child, 18 Pa.C.S. § 3121(c), requires the Commonwealth to prove the defendant engaged in "sexual intercourse," and that aggravated indecent assault of a child, 18 Pa.C.S. § 3125(a)-(b), requires the Commonwealth to prove the element of "penetration, however slight," and the testimony of the child victim, which was presented at the omnibus pretrial hearing, failed to indicate that he engaged in any sexual intercourse or penetration.

Based on our review, we find no error in the trial court's determination that the testimony of the child victim "that she had witnessed Bowers climb on top of her and move up and down as if he was doing 'push-ups'" and that

"she felt a 'vibration' and at times it 'pinched' as if she was 'getting her ears pierced'" was sufficient evidence of penetration to establish a *prima facie* case for the offenses of rape of a child and aggravated indecent assault of a child. Trial Court Opinion, 9/3/2010, at 9. **See** N.T., 12/16/2009, at 20, 23, 30. Furthermore, with regard to the charge of indecent assault, "[a] finding at a preliminary hearing that sufficient evidence exists to require a defendant to stand trial is not subject to review if there has been a subsequent independent judicial judgment that there is sufficient evidence to require the defendant to stand trial." **Commonwealth v. Lee**, 662 A.2d 645, 650 (Pa. 1995). Thus, the jury's guilty verdict on the charge of indecent assault – person under 13 years of age renders moot any allegation that the Commonwealth failed to establish a *prima facie* case with respect to the charge.

Therefore, for the foregoing reasons, we reject Bowers' first claim that the trial court erred in denying his omnibus pretrial motion in the form of a motion for writ of *habeas corpus*.

In his second argument, Bowers contends the trial court erred in denying his motion for dismissal of the charges because he was not brought to trial within 365 days, as required under Pennsylvania Rule of Criminal Procedure 600.

Our standard of review is as follows:

In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Ramos*, 936 A.2d 1097, 1099 (Pa. Super. 2007) *(en banc)* (citation omitted), *appeal denied*, 948 A.2d 803 (Pa. 2008).

In determining the date by which trial must begin under Rule 600, certain periods are not included in the 365-day time limitation.

When a defendant is deemed unavailable for trial, the time is excludable from the Rule [600] calculation; however, the mere filing of a pretrial motion by a defendant does not automatically render him unavailable. Rather, a defendant is only unavailable for trial if a delay in the commencement of trial is caused by the filing of the pretrial motion.

*Commonwealth v. Hill*, 736 A.2d 578, 587 (Pa. 1999). If a delay is created, in order to establish that the delay is excludable, the Commonwealth must demonstrate, by a preponderance of the evidence, that it exercised due diligence in opposing or responding to the pretrial motion. *Id.* A delay caused by the Commonwealth's lack of due diligence will not constitute excludable time. *Id*.

Bowers filed his omnibus pretrial motion on August 11, 2009. The hearing on the motion was held on December 16, 2009, and the court's order denying the motion was filed on September 3, 2010. Bowers claims:

The "mechanical run date" in this case was May 20, 2010, exactly 365 days after the Complaint was filed. The "mechanical run date" can be modified or extended by adding any periods of time in which the [d]efendant causes delays. … Once modified, it becomes the "adjusted run date[.]"

\*\*\*\*

[Bowers] acknowledges that the filing of his Omnibus Pretrial Motion [] on August 7, 2009 precipitated a modification of the mechanical run date and required the computation of an adjusted run date. However, [Bowers] submits the Court erred in computing the dates chargeable to [Bowers] and in computing the adjusted run date.

\*\*\*\*

Bowers submits that the excludable days and or days that are chargeable to [Bowers as a result of the filing of his Omnibus Pretrial Motion] total 148 days. When you add the 148 days to the mechanical run date of May 20, 2010, the adjusted run date becomes October 14, 2010. As a result, [Bowers] filed his Motion to Dismiss Pursuant to Rule 600 on October 25, 2010.

The Court erred in excluding the periods from September 22, 2009 (the date [for which] the hearing [on] the Omnibus Pretrial Motion was originally scheduled) to December 16, 2009 (the date that the hearing was held) because the period of time was due to two Motions for Continuance filed by the Commonwealth, initially because of the prosecuting police state trooper's work schedule and secondly, because the prosecuting state trooper was on vacation. [Bowers] submits that the prosecuting officer was not a necessary participant in the hearing on the Omnibus Pretrial Motion and that, as a result, the time between the date that the hearing was originally scheduled for the Omnibus Pretrial Motion and the date that the hearing was actually held is not excludable time. [Bowers] also alleges that the Court erred in excluding the time transpired from January 7, 2010 (the date that the Commonwealth Hearing Memorandum was due[)] to May 11, 2010 (the date that the Commonwealth Hearing Memorandum was filed[)]. Such late

- 12 -

filing of the Commonwealth Hearing Memorandum is not excludable time.

****

[T]he time from the original date of the preliminary hearing to the actual date of the preliminary hearing, i.e., September 22, 2009 – December 16, 2009, comprise 85 days [that] is not excludable time. … [N]or is the time caused by the delay of the Commonwealth in filing its Hearing Memorandum, i.e., January 7, 2010 – May 11, 2010, comprising 133 days of excludable time.

Bowers' Brief, at 15–17.

The trial court rejected Bowers' argument regarding the Commonwealth's motions for continuance of the hearing on Bowers' omnibus pretrial hearing, stating:

Bowers was arrested on May 20, 2009 and a Preliminary Hearing was held on May 28, 2009. Magisterial Judge Ronald Haggerty held the charges for court. Bowers filed an Omnibus Pretrial Motion on August 11, 2009 and a hearing before this Court was held on December 16, 2009. That hearing was continued twice at the request of the Commonwealth because the prosecuting officer was unavailable – first because of the requirement that all State Police Officers be available to provide security for the "G-20" Summit Conference in Pittsburgh, and secondly because Trooper Garlick was scheduled for vacation.

****

The Commonwealth needed the prosecuting officer to be present for the hearing on that Motion so that the assistant district attorney would be aware of what evidence was available, even if the prosecuting officer himself did not have to testify. As a result, the court granted two continuances of the originally scheduled hearing. The Commonwealth's justified continuances

> of the scheduled hearing does not operate to convert a defense delay into a Commonwealth delay.

Trial Court Opinion, 11/18/2010, at 1; 5. We agree with the court's reasoning.

In this case, we find the Commonwealth's requests for two continuances were justified, and were caused by the prosecuting trooper's work schedule and vacation. The unavailability of Trooper Garlick was beyond the control of the Commonwealth and, therefore, the trial court did not abuse its discretion in ruling that the time period from September 22, 2009 to December 16, 2009, was excludable. *See Commonwealth v. Staten*, 950 A.2d 1006, 1010 (Pa. Super. 2008) (unavailability of the arresting police officer, who had been placed on a separate, specific work assignment for date of trial, was beyond the control of the Commonwealth and should not, accordingly, work to defeat a record otherwise exhibiting due diligence in bringing Appellant to a speedy trial"); *Commonwealth v. Brawner*, 553 A.2d 458, 461 (Pa. Super. 1989) (police officer's unavailability due to vacation was beyond the Commonwealth's control; extension of trial date was properly granted), *appeal denied*, 563 A.2d 886 (Pa. 1989).

Likewise, we conclude the trial court did not abuse its discretion in ruling that the period from January 7, 2010 to May 11, 2010, the time between when the Commonwealth's hearing memorandum was due and the

time it was filed, was excludable from the Rule 600 computation. In this regard, we adopt the trial court's analysis, as follows:

> The Commonwealth's opportunity to file a brief was merely an aid to the court. The court's decision could have been made any time after the expiration of the time allowed, with or without the Commonwealth's brief. … (The court's decision was rendered more than two months after the Commonwealth's Memorandum was filed, so it is clear that it was not the last "missing ingredient" for that decision.)
>
> ****
>
> In any event, this court makes a specific factual finding that any delay in the disposition of the Omnibus Pretrial Motion was not the result of anything the Commonwealth did or did not do. To any extent it was not a "defense delay," it was "judicial delay" entirely outside the control of the Commonwealth."

Trial Court Opinion, 11/18/2012, at 6–7. We find no error in the trial court's determination that the delay from January 7, 2010 until May 11, 2010 was excludable judicial delay, and in no way attributable to the Commonwealth. Accordingly, we reject Bowers' Rule 600 arguments.

Next, Bowers challenges the trial court's denial of his March 28, 2012 motion, seeking sanctions, an order providing subpoenas *duces tecum*, a continuance, and other relief.

Here, the trial court denied Bowers' motion, ruling that "the motion for an additional pre-trial hearing … was filed improperly and should have been presented to the Court before the end of business during the week preceding trial [and] that it was not properly filed under the state rules." Order, dated

- 15 -

4/2/2012, filed 4/11/2012. The Order also contained a handwritten, blue-penned asterisk next to the word "rules" and a handwritten, blue-penned notation on the order reads: "* Pa.R.Crim.P. 106(C)."

At the time of Bowers' 2012 trial, Rule 106 provided:[7]

(A) The court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.

(B) When the matter is before an issuing authority, the issuing authority shall record on the transcript the identity of the moving party and the reasons for granting or denying the continuance. When the matter is in the court of common pleas, the judge shall on the record identify the moving party and state of record the reasons for granting or denying the continuance.

**(C) A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the trial. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.**

Pa.R.Crim.P. 106 (emphasis added).

Bowers argues that his motion seeking "sanctions, an order providing subpoenas *duces tecum*, a continuance, and other relief"[8] was filed on Wednesday, March 28, 2012, more than 48 hours before the time set for

---

[7] We note that on July 1, 2013, an amendment to Rule 106 became effective.

[8] Bowers' Motion, filed 3/28/2012.

trial, Monday, April 2, 2012, and therefore he complied with Pa.R.Crim.P. 106(c).

Here, the record reflects that previously, on March 1, 2012, Bowers filed a motion for continuance, which was granted by the court "to the April 2012 week of Criminal Jury Trials which ends April 5, 2012." Order, March 1, 2012. A handwritten notation on the order further stated: "Discovery incomplete since 2009/very young child victim, seeking counselor's notes/counselor no longer working, NO FURTHER CONTINUANCES." *Id.* (underling and capitalization in original). Nevertheless, Bowers filed the March 28, 2012 motion now at issue.

The March 28, 2012 motion was filed "pursuant to Rule 573, Pa.R.Crim.P.,"[9] titled "Pretrial Discovery and Inspection," and sought medical records and/or counseling notes that the Commonwealth had been ordered to file — but had not — by the court-imposed deadline of "high noon on Friday, March 2, 2012." Bowers' Motion, 3/28/2012, at ¶10. The motion sought "the Commonwealth [to] provide the records to Bowers, or in the alternative, provide for [Bowers] to obtain said records either by authorization, court order, and/or subpoena *duces tecum*." *Id.* at ¶14. The motion further averred that the appropriate remedy was to exclude from the

---

[9] *Id.* at ¶1.

trial the evidence and the witnesses related to the requested records. Motion, 3/28/2012, at ¶21. The motion sought, in the alternative, a continuance to either review any additional information received or obtain the requested information by authorization, court order or subpoena *duces tecum*. **Id.** at ¶25.

Rule 573 provides:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order the party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than the testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(E). Our scope of review is whether the court abused its discretion in its ruling pursuant to Rule 573(E). **Commonwealth v. Causey**, 833 A.2d 165, 171 (Pa. Super. 2003), *appeal denied*, 848 A.2d 927 (Pa. 2004).

Although the trial court denied Bowers' motion, citing Pa.R.Crim.P. 106, the applicable rule was Rule 573, which permits the court discretion in fashioning a remedy for failure to comply with the Rule. We conclude the court's decision to deny the motion presents no basis upon which to grant relief.

We note that the court's prior, March 1, 2012 order, mentioned above, directed that there should be no further continuances. We further note that

- 18 -

Bowers' motion, which alleged the Commonwealth's failure to comply with the court's March 2, 2012 deadline, was not filed until 26 days later, on March 28, 2012, in the week just before trial. Finally, even though the court denied the motion, Bowers cannot be heard to complain since, in fact, none of the requested documents or witnesses related to those documents were presented by the Commonwealth at trial.[10] *See* Bowers' Motion, 3/28/2012, "Wherefore Clause" (seeking motions *in limine* prohibiting the Commonwealth from introducing any testimony or evidence at trial either directly or indirectly concerning the documents that the Commonwealth failed to provide, and prohibiting the Commonwealth from introducing any testimony of all witnesses related to the records requested); *see also* Pa.R.Crim.P. 573, *supra* ("the court … may prohibit … evidence not disclosed, other than the testimony of the defendant"). Therefore, on this record, we find that the argument of Bowers that the court erred in denying his March 28, 2012 motion warrants no relief.

We next turn to the claims of trial court error raised by Bowers, concerning the trial court's denial of (1) his motion for judgment of acquittal, (2) his motion for a new trial and arrest of judgment asserting the verdict was contrary to the evidence, (3) his motion for a new trial and arrest of

_____

[10] At trial, the Commonwealth presented the testimony of the child victim, Trooper Garlick, and the child victim's mother and father.

judgment asserting the verdict was contrary to the weight of the evidence, and (4) his motion for a new trial and arrest of judgment asserting the verdict was contrary to the law. Specifically, Bowers argues the victim failed to indicate any dates when the alleged acts occurred; there was no physical evidence to corroborate the victim's testimony; the Commonwealth failed to establish the necessary element of arousing sexual desire in the defendant or the complainant; and the Commonwealth's evidence is not enough to overcome the evidence offered by Bowers. We will address these arguments together as challenges to the sufficiency and weight of the evidence.

The legal precepts that guide our review are well settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer,* 560 Pa. 308, 744 A.2d 745, 751-52 (Pa. 2000) (internal citations, footnotes, and quotation marks omitted).

Indecent assault of a person less than thirteen years of age is defined as follows:

A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and . . . the complainant is less than 13 years of age.

18 Pa.C.S.A. § 3126(a)(7). Indecent contact is defined as: "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S.A. § 3101.

****

[A challenge to the weight of the evidence] concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Widmer*, 744 A.2d at 745, 751-52 (internal citations, footnotes, and quotation marks omitted).

*Commonwealth v. Fisher*, 47 A.3d 155, 157–158 (Pa. Super. 2012), *appeal denied*, 62 A.3d 378 (Pa. 2013).

Our review confirms that these issues were correctly rejected by the trial court. **See** Trial Court Opinion, 11/26/2012, at 3–11. Specifically, the trial court, in addressing the above arguments, opined: (1) that the victim's testimony that the acts occurred between the time she was ages three to seven, and the victim's mother's testimony that her family moved next door to Bowers when the victim was three years old and told of the abuse when she was six years old, established a sufficient time frame for the offenses, (2) that it is well established that "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses," *citing* **Commonwealth v. Bishop**, 742 A.2d 178, 189 (Pa. Super. 1999), *appeal denied*, 758 A.2d 1194 (Pa. 2000),[11] and (3) that the testimony of the child victim that Bowers would "'unzipper' his pants, pull out his 'thing,' put his 'thing' on her thing, and while [Bowers'] 'thing' was on the child victim, put both of his arms on either side of her and move up and down on her," and that "when [Bowes] finished 'going up and down' on her thing, 'he would basically stand up and pull, well he would, take out his hand and spit on and then rub it on my thing,'"[12] was sufficient evidence to establish that the conduct of [Bowers] was for sexual gratification. **See** Trial Court

_____

[11] Trial Court Opinion, 11/26/2012, at 8.

[12] **Id.** at 9.

- 22 -

Opinion, 11/26/2012, at 8–11. Further, the trial court rejected Bowers' weight claim, refusing to intrude into the jury's determination, *see id.* at 7, and we discern no abuse of discretion in this determination. *See Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) ("Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." (citation omitted)). Accordingly, no relief is due on these claims.

Next, Bowers claims the Commonwealth failed to prove, by clear and convincing evidence, that he is a sexually violent predator (SVP).

> "Questions of evidentiary sufficiency present questions of law; thus, 'our standard of review is *de novo* and our scope of review is plenary.'" In reviewing such a claim, we consider the evidence in the light most favorable to the Commonwealth, which prevailed upon the issue at trial.

*Commonwealth v. Stephens*, 74 A.3d 1034, 1038 (Pa. Super. 2013) (citations omitted).

Here, the Commonwealth called Herbert Hayes, a member of the Sexual Offenders Assessment Board (SOAB), who was certified as an expert in the field of Sexual Offender Treatment and Management. Bowers contends, however, that the Commonwealth's expert witness was not a proper witness to establish that he is an SVP because he has no professional license and because he does not have the qualifications necessary to express such opinion. This argument is meritless. *See Commonwealth v.*

*Conklin*, 897 A.2d 1168, 1176 (Pa. 2006) ("[T]here is nothing in the statute to support appellant's argument that only a licensed psychiatrist or psychologist may testify to an expert opinion concerning those aspects of SVP status involving the offender's mental abnormality or personality disorder.").

Alternatively, Bowers claims that the Commonwealth's expert witness failed to establish by clear and convincing evidence that Bowers is an SVP and did not properly consider the factors enumerated in Section 9795.4(b)(1)-(4) (relating to assessment to determine if the individual should be classified as an SVP). The trial court rejected Bowers' argument, opining that "the evidence presented by the Commonwealth through Mr. Hayes was proper, his testimony [was] credible in establishing [Bowers] as a sexually violent predator, by clear and convincing evidence, and [Hayes] analyzed all [fifteen] factors found at 42 Pa.C.S.A. § 9795.4." Trial Court Opinion, 11/26/2012, at 16. Based on our review of the record, *see* N.T., 8/30/2012, at 6–12, and viewing the evidence in the light most favorable to the Commonwealth, we conclude the evidence was sufficient to support the trial court's classification of Bowers as an SVP. Therefore, this claim warrants no relief.

Finally, Bowers claims the trial court erred in denying his motion to modify or reconsider the sentence. In this regard, Bowers makes two arguments. First, he argues that the mandatory sentence of life

imprisonment imposed pursuant to 42 Pa.C.S. § 9718.2(a)(2) is illegal because at the time of the current offense he had not been previously convicted of two or more offenses arising from separate criminal transactions set forth in 42 Pa.C.S. § 9795.1(a) or (b) (relating to registration).[13]   Second, he challenges the imposition of any mandatory

_____

[13] At the relevant time, Section 9718.2, "Sentences for sexual offenders," provided, in pertinent part:

(a) *Mandatory sentence.*

(1) Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9795.1(a) or (b) (relating to registration) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9795.1(a) or (b) or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

(2) **Where the person had at the time of the commission of the current offense previously been convicted of two or more offenses arising from separate criminal transactions set forth in section 9795.1(a) or (b)** or equivalent crimes under the laws of this Commonwealth in effect at the time of the commission of the offense or equivalent crimes in another jurisdiction, **the person shall be sentenced to a term of life imprisonment**, notwithstanding any other provision of this title

*(Footnote Continued Next Page)*

sentence, claiming he received no pretrial notice regarding a mandatory sentence, as required by 9718.2(d). We address these arguments sequentially.

Bowers first contends his mandatory life sentence is illegal because his record is properly interpreted as one prior offense for purposes of 42 Pa.C.S. § 9718.2, and therefore the court erred by sentencing him as a third strike offender under Section 9718.2(a)(2). Bowers argues that he was previously charged with sexual offenses involving three victims on multiple occasions, to which he pleaded guilty at a single hearing and was sentenced on May 5, 1985 at a single hearing to concurrent 4-to-10 year sentences, and he was not sentenced as a second strike offender at that time. In this regard, Bowers relies on *Commonwealth v. Helsel*, 53 A.3d 906 (Pa. Super. 2012), *appeal denied*, 63 A.3d 1244 (Pa. 2013), wherein this Court held that where a defendant was sentenced at the same time for two triggering sex offenses, those crimes count as one conviction for purposes of § 9718.2.[14] In

_(Footnote Continued)_ ─────────────────

or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required.

42 Pa.C.S. 9718.2(a). We note Section 9718.2 was amended by 2011, Dec. 20, P.L. 446, No. 111, § 5, effective in one year [Dec. 20, 2012].

[14] In *Helsel*, the defendant previously raped two children on two separate dates, and pled guilty to both. He was sentenced for both rapes at a single
_(Footnote Continued Next Page)_

- 26 -

reaching this conclusion, the **Helsel** panel determined that Section 9718.2(a)(2) is subject to the same interpretation as Section 9714(a)(2), regarding crimes of violence, which was addressed in **Commonwealth v. Shiffler**, 879 A.2d 185 (Pa. 2005).

In **Shiffler,** the Pennsylvania Supreme Court held that the mandatory minimum sentence of Pennsylvania's "three strikes law," 42 Pa.C.S. § 9714(a)(2), is proper only where the defendant's prior convictions are sequential and each is separated by an intervening opportunity to reform. **Id.**, 879 A.2d at 195-196. The **Shiffler** Court found that because Shiffler served a single prison term for his first two convictions, he only had one opportunity to reform, not two, and that therefore he should have been sentenced as a second-strike offender.

Bowers argues: "Like the defendants in **Shiffler** and **Helsel**, [Bowers] pled guilty to [sexual offenses involving three victims] at a single hearing, was sentenced for all crimes at a single hearing, and the sentences were ordered to run concurrently." Bowers' Brief at 22. Neither the trial court nor the Commonwealth disputes Bowers' assertion that he previously served a single term of imprisonment on concurrent sentences for three separate

_(Footnote Continued)_ ———————————

hearing, and the sentences were ordered to run concurrently. **Helsel**, 53 A.3d at 909–910.

- 27 -

rapes against different victims. [15, 16] Nor is there anything in the record that contradicts Bowers' assertion. **See** N.T., 8/30/2012, at 8 ("[T]he Fayette County PSI [shows] that in 1985 [Bowers] was convicted of raping his three young daughters ... [and] sentenced to four to ten years in the PA DOC."). Therefore, pursuant to **Helsel** and **Shiffler**, we agree with Bowers' argument that the trial court erred in sentencing Bowers as a third-strike

_____

[15] The trial court rejected Bowers' position, stating:

> The Records of the Clerk of Courts of Fayette County, Pennsylvania, and the Pre-Sentence Investigation, shows that [Bowers] was convicted and sentenced at Case 767 of 1984 of the rape of an 8 year old victim, at Case 768 of 1984 of the rape of a 12 year old victim, and at case 769 of 1984 of the rape of a thirteen year old victim. Thus, the record establishes that [Bowers] was convicted in three separate cases of "raping" three separate children. Since the Court considers each case is a separate criminal transaction, prior to [Bowers] being convicted in the instant matter, he had three prior convictions pursuant to Section 97[9]5.1.

Trial Court Opinion, 11/26/2012, at 12–13.

[16] The Commonwealth, in its brief, simply states that the trial court "correctly found that [Bowers] had three prior convictions pursuant to 42 Pa.C.S.A 97[9]5.1." Commonwealth's Brief at 4. The Commonwealth does not refute Bowers' claim that his previous sexual offenses resulted in concurrent sentences imposed at a single hearing and a single term of imprisonment, and does not address the applicability of the decisions in **Helsel** and **Shiffler** to this case. We also note that, at sentencing, the Commonwealth's position was that Bowers was subject to a mandatory minimum sentence of 25 years. **See** Commonwealth's Sentencing Memorandum, 8/17/2012. **See also**, N.T., 8/30/2012, at 17–18.

offender to a mandatory term of life imprisonment. The applicable mandatory minimum term of imprisonment based on Bowers' prior record is 25 years pursuant to 42 Pa.C.S. § 9718.2(a)(1).

This conclusion, however, does not end our inquiry since Bowers also contends that because he was not provided with **pretrial** notice of the applicability of the mandatory sentencing statute, as required by Section 9718.2(d),[17] the mandatory minimum sentencing statute does not apply in this case. We may summarily dismiss this claim, however, since the record reflects that, on June 30, 2009, the court provided Bowers notice in its bail bond order that "[i]f convicted, there would be a mandatory sentence of twenty-five to fifty years pursuant to 42 Pa.C.S.A. 9718.2 since [Bowers]

_____

[17] At the relevant time, Section 9718.2(d) provided:

> **Notice of the application of this section shall be provided to the defendant before trial.** If the notice is given, there shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsections (a) and (b) or to place the offender on probation or suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

42 Pa.C.S. § 9718(d) (emphasis added). The pretrial notice requirement was eliminated in Section 9718.2, as amended 2011, Dec. 20, P.L. 446, No. 111, Section 5, effective in one year [December 20, 2012].

- 29 -

was previously convicted of rape of a child and incest in 1984". Bail Bond Order, 6/30/2009.

Accordingly, having reviewed the arguments presented by Bowers, and finding merit solely in the contention that the court erred in sentencing him to a mandatory term of life imprisonment, we vacate the judgment of sentence on that basis, and remand this case to the trial court for resentencing pursuant to Section 9718.2(a)(1) (mandatory minimum sentence of at least 25 years of total confinement) for the indecent assault-person less than 13 years of age charge.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2015