J-S38021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELLIS NEAL | : | |
| | : | |
| Appellant | : | No. 23 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 13, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008802-2021

BEFORE:   STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                    **FILED NOVEMBER 18, 2024**

Ellis Neal ("Neal") appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas ("trial court") following his conviction of one count of aggravated assault.[1]  On appeal, Neal challenges the sufficiency of the evidence supporting his aggravated assault conviction and the discretionary aspects of his sentence.  After review, we affirm.

Neal and Elaine Cook ("Cook") met through an internet dating app in April 2021.  On the evening of July 10, 2021, Neal was at Cook's home watching a movie in her bedroom.  When Cook turned off the television, Neal positioned himself on top of her.  Cook told Neal to get off of her, and he

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1).

responded by putting his hand on Cook's forehead and moving it in a circular motion before removing himself. Cook believed that Neal had scratched her face, so she went to the bathroom to check her face in the mirror. When she returned, she told Neal, "I don't play with you like that. I don't be putting my hands on you[,] so why you doing that? So you got to go." Neal did not move and did not respond. Cook proceeded to ask Neal to leave repeatedly, but Neal ignored her. Cook then snatched the covers off Neal and again told him to leave.

At that, Neal got up and began putting on his clothes. He told Cook not to call him anymore, and then pushed her. Cook told Neal to "stop putting his hands" on her. Neal turned away to grab some of his belongings and then turned around and punched Cook with a closed fist on the left side of her face. Cook grabbed her face with both hands in shock, and Neal walked past her to leave. Cook told Neal that she was going to call the police and that Neal was going to jail. Cook called 911 and the police arrived about a half hour after she called. Though her mouth was bleeding and her jaw was swollen, Cook did not go to the hospital that evening because she did not want to leave her son alone at the house.

On July 12, 2021, Cook went to the emergency room at Temple University Hospital, where X-rays and an MRI revealed that the left side of her jaw and one of her teeth was fractured. Cook's doctors placed four screws in her mouth and wired her jaw shut. She returned to the hospital on July 15,

2021, for surgery to remove her fractured tooth and correct her jaw fracture. During this surgery, a bone plate and five implants were placed in her mouth. Cook's mouth remained wired shut for two months and she could only eat blended food using a medical straw during that time period. Her mouth later became infected, requiring a subsequent surgery and the insertion of a new bone plate. Cook took pain medications for almost a year after this incident and lost a significant amount of weight.

Police arrested Neal and charged him with aggravated assault. The case proceeded to trial, following which the jury found Neal guilty. On November 13, 2023, the trial court sentenced Neal to eight to sixteen years in prison, followed by three years of reporting probation.

On December 13, 2023, Neal filed an untimely motion to reconsider his sentence. On the same day, he filed a timely notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Neal presents the following issues for review:

1. Was the evidence sufficient to support [Neal]'s conviction for aggravated assault where there was no evidence that he acted recklessly under the circumstances manifesting an extreme indifference to the value of human life?

2. Did the trial court abuse its discretion in sentencing [Neal] to a manifestly excessive sentence of 8 to 16 years [of] imprisonment where the court based its sentence solely on the severity of the complainant's injuries and failed to properly weigh all relevant sentencing factors, including appellant's difficult childhood, lack of any prior violent felonies, expression of remorse and amenability to rehabilitation?

Neal's Brief at 4.

### Sufficiency of the Evidence

In his first claim, Neal contends that the evidence at trial was insufficient to support the mens rea required for his conviction of aggravated assault. *Id.* at 12. Specifically, he asserts that there was no evidence that he acted recklessly under circumstances manifesting extreme indifference to human life or with intent to cause serious bodily injury when he punched Cook. *Id.* To support this contention, Neal argues that he and Cook were nearly the same size at the time of the incident. *Id.* at 15, 19-20. Further, he asserts that he made no attempt to escalate his attack, did not have weapons or implements to aid him, and only delivered a single punch. *Id.* at 15-16. He also argues that he "walked away" after punching Cook once despite Cook's attempts to "prolong the confrontation by punching and kicking him." *Id.* at 16. Additionally, Neal argues that he did not make any statements before, after, or during the attack to indicate that he intended to inflict serious bodily injury upon Cook. *Id.* at 15, 20.

Neal acknowledges that this Court has previously upheld an aggravated assault conviction for a single punch that led to serious bodily injury. *Id.* at 21 (citing **Commonwealth v. Burton**, 2 A.3d 598, 605 (Pa. Super. 2010) (en banc)). He notes that in **Burton**, however, the Court upheld the defendant's conviction because of clear circumstances indicating an intent to cause the victim serious bodily injury, including a significant size and age

difference between the involved parties and the defendant's "gloating remarks" after punching the victim despite the victim's visible and severe injuries. *Id.* at 17-19; *Burton*, 2 A.3d at 604-05. Neal distinguishes the facts of his case from those of *Burton*, arguing that the circumstances surrounding his actions demonstrate his intent to leave Cook's apartment, rather than an intent to cause her serious bodily injury. Neal's Brief at 19-20. He states that he asked Cook multiple times to let him leave her bedroom, and that when she would not move, he punched her one time and then "walked past her to exit the premises." *Id.* at 19. Neal contends that the severity of Cook's injuries was not readily apparent to him, to Cook herself, or to the police officers who responded to Cook's 911 call, therefore evincing that he did not show reckless disregard for Cook's life when he left her apartment. *Id.* at 20. To further substantiate this claim, Neal emphasizes that Cook did not seek medical treatment on the night of this incident and "declined to visit the hospital until the day after the assault." *Id.*

Our standard of review of a challenge to the sufficiency of the evidence is well settled:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all the reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to a crime beyond a reasonable doubt.

*Commonwealth v. Juray*, 275 A.3d 1037, 1042 (Pa. Super. 2022) (quotation marks and citations omitted).

A person commits aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

"When a victim actually sustains serious bodily injury, the Commonwealth can, but does not necessarily have to, establish specific intent to cause such harm." *Burton*, 2 A.3d at 602. The statute's intent requirement can be proven if the defendant acted "recklessly under circumstances manifesting an extreme indifference to human life." *Id.* (citing *Commonwealth v. Patrick*, 933 A.2d 1043, 1046 (Pa. Super. 2007)). Such intent can be inferred from the circumstances surrounding an attack. *Commonwealth v. Alexander*, 383 A.2d 887, 889 (Pa. 1978). These circumstances may include whether the defendant was disproportionately larger or stronger than the victim, possessed a weapon to aid his attack, had to be restrained from continuing his attack upon the victim, or made statements before, during, or after the attack which "might indicate his intent

to inflict further injury upon the victim."[2] *Id.* The court may also consider whether the attack surprised an "unsuspecting victim," therefore preventing the victim's ability to protect themselves. *Patrick*, 933 A.2d at 1047.

The trial court found that the Commonwealth sustained its evidentiary burden for an aggravated assault conviction by demonstrating that Neal acted with reckless indifference under the totality of the circumstances of this incident. Trial Court Opinion, 04/02/2024, at 7. Specifically, the trial court determined that evidence at trial established that Neal was disproportionately stronger than Cook and that he was well aware of his disproportionate strength at the time of the attack. *Id.* at 6. Further, the trial court emphasized that Neal punched Cook because he felt "annoyed" and "belittled," and that he left Cook's home after punching her "without showing any concern for the harm that he had caused to her," demonstrating that he "acted

_____

[2] We acknowledge that in *Alexander*, this Court utilized these factors to assess whether intent to inflict serious bodily injury existed in a case involving a "single sucker-punch" to the victim's face where no serious bodily injury occurred. *Alexander*, 383 A.2d at 888. The factors constitute circumstantial evidence to assist a court in assessing a defendant's mens rea in aggravated assault cases and have been examined in subsequent cases where serious bodily injury did occur. *See, e.g. Burton*, 2 A.3d at 603-04; *Commonwealth v. Bruce*, 916 A.2d 657, 662-63 (Pa. Super. 2007). Further, this Court has applied these factors to discern whether the defendant acted intentionally or with reckless disregard. *See Bruce,* 2.A3d at 664 ("The circumstances showing intent to cause serious bodily injury apply with equal force to prove recklessness to a degree that one would reasonably anticipate serious bodily injury as a likely and logical result.") We therefore use them here to evaluate whether the evidence presented by the Commonwealth sufficiently established the requisite mens rea to convict Neal of aggravated assault.

recklessly under circumstances manifesting an extreme indifference to human life." *Id.* at 6-7.

Our review of the record comports with the trial court's findings. Here, Neal's punch caused a fracture to Cook's jaw, which required multiple surgeries to repair as well as a two-month period where Cook's mouth had to be wired shut and she could only consume food through a metal straw. N.T., 07/11/2023 at 51-54. This injury therefore resulted in the protracted impairment of the function of Cook's jaw and mouth and constituted a serious bodily injury. *See Commonwealth v. Nichols*, 692 A.2d 181, 184 (Pa. Super. 1997) ("Suffering a broken jaw and being confined to a liquid diet constitutes impairment of a function of a bodily member."). As such, the Commonwealth was only required to prove that Neal acted "recklessly under circumstances manifesting an extreme indifference to human life." *Burton*, 2 A.3d at 602.

At trial, Neal testified that at the time of the incident, he was working as a fitness trainer and was a popular fitness influencer on social media. N.T., 7/11/2023, at 192-94. Neal also testified that he had previously served in the Marines, played football in college, and that he was well known for his strength. *Id.* at 192-94, 210. Neal stated that his arms are very powerful and that others call him "the push-up king." *Id.* at 212. Further, Neal posted a video to YouTube a month before this incident that showed him performing

fifty "no hands push-ups" in fifty seconds.[3]  ***Id.*** at 212-13.  Neal additionally described Cook as "[not] that strong."  ***Id.*** at 217.  Neal admitted he punched Cook because he wanted to leave her home and felt "annoyed" and "belittled."  ***Id.*** at 220-21, 225.  Further, despite Neal's awareness of his significant strength in comparison to Cook, he left the premises after punching her in the face.  ***Id.*** at 226.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the record supports a finding that Neal acted recklessly under circumstances manifesting extreme indifference to the value of human life when he punched Cook in the jaw and proceeded to leave her apartment. The evidence of record demonstrates that Neal was much stronger than Cook, and that he was well aware of his unusual and disproportionate strength in comparison to Cook when this incident occurred.  Neal also inflicted this punch in an unexpected manner, thus preventing Cook from being able to protect herself.  Moreover, though Neal asserts that he was not aware of the severity of Cook's injuries at that time, the circumstances of his departure and his clear awareness of his significant strength indicate a lack of concern for Cook's life and wellbeing.  Accordingly, we agree with the trial court that, under these circumstances, Neal acted with reckless indifference.

---

[3] No hands push-ups are a variation on regular push-ups.  Instead of pushing up with your hands remaining on the ground, your hands come off the ground as you push up, hit the sides of your thighs, and then you use your hands and arms to catch yourself in normal push-up position as you come back down.

Finally, Neal's contention that the facts of his case are distinguishable from those of **Burton** is insufficient to prove that he did not possess the mens rea necessary for a conviction under section 2701(a)(1). In **Burton**, this Court sought to determine whether "the [defendant] intentionally or knowingly caused the victim's injuries **or** if he proceeded in such a manner that manifested an extreme indifference to the value of [the victim's] life." 2. A.3d at 603 (emphasis added). Ultimately, the Court concluded that there were numerous factors indicating that the defendant intended to cause serious bodily injury to the victim, and it upheld his conviction on that basis. **Id.** at 603-605. Here, the Commonwealth sought to establish that Neal acted recklessly under circumstances manifesting extreme indifference to human life rather than with specific intent, which was supported by the evidence. **Id.** at 602. Therefore, Neal's first claim does not entitle him to relief.

**Discretionary Aspects of Sentencing**

In his second claim, Neal argues that the trial court abused its discretion in imposing a manifestly excessive sentence based on the severity of Cook's injuries, without considering various mitigating factors and his amenability to rehabilitation. Neal's Brief at 23-30. In so arguing, Neal challenges discretionary aspects of his sentence.

An appellant may not appeal discretionary aspects of his sentence as a matter of right; rather he must invoke this Court's jurisdiction on such a claim by satisfying a four-part test:

(1) the appellant preserved the issue either by raising it at the time of sentencing or a in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of her appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raise a substantial question for our review.

***Commonwealth v. Rivera***, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

Here, Neal did not preserve his discretionary aspects of sentencing claim at his sentencing hearing or in a timely motion to reconsider and modify his sentence.[4]   Therefore, Neal's objection to the discretionary aspects of his sentence is waived.  ***See Commonwealth v. Levy***, 83 A.3d 457, 467 (Pa. Super. 2013) (concluding that appellant's failure to file a post-sentence motion or raise the claim at the sentencing hearing rendered his discretionary aspects of sentencing challenge waived).[5]

_____

[4] We note Neal filed an untimely motion to reconsider and modify his sentence on December 13, 2023, thirty days after the imposition of his sentence. However, "[a]n untimely post-sentence motion does not preserve issues on appeal." ***Commonwealth v. Wrecks***, 931 A.2d 717, 719 (Pa. Super. 2007) (citation omitted).  Neal's court-appointed counsel for his appeal filed an Application for Remand seeking the trial court's consideration of Neal's post-sentence motion.  We denied that application on March 4, 2024, without prejudice as to Neal's right to raise his request for remand before this panel. Per Curiam Order, 3/4/2024.  Neal did not raise such a request.

[5] We note, for purposes of completeness, that in imposing the sentence, the record reflects that the trial court considered each of the statutory sentencing factors and all mitigating evidence.   N.T., 11/13/2023, at 29-32. Furthermore, the court had the benefit of a presentencing report.  ***Id.*** at 26. If the trial court was informed by a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/18/2024

---

considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Miller**, 275 A.3d 530, 535 (Pa. Super. 2022); **see also Commonwealth v. Rhoades**, 8 A.3d 912, 919 (Pa. Super. 2010) (noting that where "the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.") (citation and quotation marks omitted).